588 F.2d 1327
 25 Cont.Cas.Fed. (CCH) 82,936
 UNITED STATES of America ex rel. Julius PETROFSKY, Plaintiff-Appellant,
v.
VAN COTT, BAGLEY, CORNWALL, McCARTHY, a Utah Law Firm which
is also a Utah Corporation; and Utah attorneys: C. Keith
Rooker, Clifford Ashton, Robert M. Anderson, Grant H.
Bagley, Dennis McCarthy, Ray G. Martineau, Richard W.
Giauque, Brent Giauque, Ricardo B. Ferrari, Haldor T.
Benson, Scott E. Savage, Dale A. Kimball, Grant Macfarlane,
Jr., Chris Wangsgard, and David Greenwood, and John Doe # 1
through John Doe # 10, Defendants-Appellees.
 No. 78-1576.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Sept. 7, 1978.
Decided Dec. 21, 1978.
Rehearing Denied Jan. 24, 1979.
 
 Julius Petrofsky, pro se.
 Dee V. Benson of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellees.
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Julius Petrofsky brought a pro se action against a Salt Lake City law firm under the False Claims Act, 31 U.S.C. § 231. Private individuals may sue under this Act in the name of the United States to uncover fraudulent claims made against the United States. 31 U.S.C. § 232(B). The statute requires the government join or withdraw from the suit within 60 days. If the United States joins, it controls the litigation; if it withdraws, the person bringing the action may proceed individually. 31 U.S.C. § 232(C). The United States specifically declined to enter Petrofsky's suit and the action was dismissed by the United States District Court for the Central District of Utah for failure to state a claim upon which relief may be granted. Exactly 60 days later Petrofsky appealed that dismissal to this Court.
 
 
 2
 The issue is whether, under Rule 4(a) of the Federal Rules of Appellate Procedure, "the United States or an officer or agency thereof is a party" to this action, thereby extending to 60 days the 30-day time limit for filing appeals.
 
 
 3
 More time to appeal is needed when the United States is a party because the government must process its decision through internal channels before a decision is made. Fairness dictates that opposing non-governmental parties be given the same time. 9 Moore's Federal Practice P 204.10, at 924 (2d ed. 1975).
 
 
 4
 This circuit has an established rule interpreting private actions under the Miller Act, 40 U.S.C. § 270 et seq., in the name of the United States as including the government as a real party in interest. United States v. Douglas Constr. Co., Inc., 531 F.2d 478 (10th Cir. 1976); Barnard-Curtiss Co. v. United States, 252 F.2d 94 (10th Cir. 1958). The rationale for these cases is stated in United States Fidelity & Guar. Co. v. United States, 204 U.S. 349, 356, 27 S.Ct. 381, 383, 51 L.Ed. 516 (1907):
 
 
 5
 The United States is not here a merely nominal or formal party. It has the legal right, was a principal party to the contract, and, in view of the words of the statute, may be said to have an interest in the performance of all its provisions. It may be that the interests of the government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies with certainty and promptly. To that end Congress may have deemed it important to assure those who furnish such materials and supplies that the government would exert its power directly for their protection.
 
 
 6
 Other cases have given Fed.R.App.P. 4(a) a broad reading because the rule is stated in absolute terms as to any action involving the United States. Division of Labor Law Enforcement v. Stanley Restaurants, 228 F.2d 420 (9th Cir. 1955). In United States v. American Society of Composers, Authors and Publishers, 331 F.2d 117, 119 (2d Cir.) Cert. denied, 377 U.S. 997, 84 S.Ct. 1917, 12 L.Ed.2d 1048 (1964), Judge Friendly stated the rationale for a broad reading under the predecessor rule, as follows:
 
 
 7
 It is in the last degree undesirable to read into a procedural statute or rule, fixing the time within which action may be taken, a hidden exception or qualification that will result in the rights of clients being sacrificed when capable counsel have reasonably relied on the language. Section 2107 of Title 28 and F.R.Civ.Proc. 73(a) unequivocally allow "to all parties" 60 days to appeal in any action "in which the United States or an officer or agency thereof is a party." The stated criterion is whether the United States is a party to the action, a test clearly satisfied here, and not whether the United States is concerned with the particular order sought to be appealed something that often cannot be accurately determined when the order is made.
 
 
 8
 Courts have not hesitated to apply the 30-day rule, however, when the United States' interest is tangential or nominal. Consequently, this Court dismissed an appeal under Fed.R.App.P. 4(a) when the appellant claimed the United States was a party only because a federal district judge enforced his disbarment. In re O'Bryan, 399 F.2d 916 (10th Cir. 1968). We also held to the same effect when the only United States involvement was plaintiff's assertion of a lien against a United States corporation that was dismissed from the suit. Maryland Cas. Co. v. Conner, 382 F.2d 13 (10th Cir. 1967).
 
 
 9
 Petrofsky based his claim in the lower court on the False Claims Act. That statute was enacted during the Civil War to encourage citizens to personally prosecute instances of fraud perpetrated against the United States. It has received little attention in modern history. Unlike our cases under the Miller Act, there is no clear precedent to support a continuing governmental interest in these suits after the United States has opted out. In fact, a case decided by the Eighth Circuit clearly distinguishes the government's interest and that of the private litigant, and states the government's interest cannot be affected by the plaintiff's actions. United States v. Baker-Lockwood Mfg. Co., 138 F.2d 48 (8th Cir. 1943).
 
 
 10
 The statute gives the government the option to prosecute the case itself, or withdraw. Here the government withdrew. Petrofsky knew this, and so did the defendant. It was clear at that time the United States would not participate in the suit and that proceeding in its name was merely a statutory formality. While this Court recognizes the need for an open interpretation of Fed.R.App.P. 4(a) to assure innocent parties not be prejudiced by too strict a reading, the rule achieves no such purpose in this case. All parties were aware the government disclaimed any participation in the suit and there are no other circumstances which indicate a need for more than the usual 30 days to make the appeal. For these reasons, we hold the 60-day provision inapplicable and dismiss the appeal for failure to file within the 30-day requirement of Fed.R.App.P. 4(a).
 
 LOGAN, Circuit Judge, dissenting:
 
 11
 With respect, I must dissent in this case. I agree with the reasoning of Judge Friendly quoted in the majority opinion. The harm in applying a 30-day requirement is that an appeal is denied because an attorney (or here a pro se litigant) read the statute literally, without recognizing the distinctions courts have drawn between cases where the government is considered to be a real party in interest and those where it is a nominal party. The only social cost in applying a permissive or liberal reading of the statute is that parties in these actions have 30 extra days to prepare on appeal, and an appellate court will have to treat on its merits a case which it could otherwise dismiss. I am not anxious to add to our caseload, but believe that the narrow reading "introduces an element of uncertainty in the very critical, because regarded as jurisdictional, area of the time for appeal, and it ought not find favor." 9 Moore's Federal Practice P 204.10, at 924 (2d ed. 1975). I would choose a broad reading of Fed.R.App.P. 4(a), making the 60-day period applicable.