**UNITED STATES of America, ex rel., Don H. HAYCOCK,**
**Plaintiff–Appellant,**

v.

**HUGHES AIRCRAFT COMPANY,**
**Defendant–Appellee.**

Nos. 94–55620, 94–55826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1995.

Decided Oct. 21, 1996.

Don H. Haycock, Don H. Haycock & Associates, Los Angeles, California, in pro per, for plaintiff-appellant.

James J. Gallagher, McKenna & Cuneo, Los Angeles, California, for defendant-appellee.

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

Before T.G. NELSON and KLEINFELD, Circuit Judges, and WILKEN, District Judge.*

KLEINFELD, Circuit Judge:

Must an appeal in a *qui tam* case, in which the government has declined intervention, be filed within thirty days or sixty?

Mr. Haycock as relator brought a *qui tam* action in the name of the United States. *See* 31 U.S.C. §§ 3729–3733; 10 U.S.C. § 2306. The United States filed a notice of its decision not to intervene in the action. The government may "notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action." 31 U.S.C. § 3730(b)(4)(B). In that circumstance, the government may request that it be served with copies of pleadings and copies of deposition transcripts at its expense, and may be permitted to intervene at a later date upon a showing of good cause. 31 U.S.C. § 3730(c)(3). In the case at bar, the government requested copies of all pleadings and deposition transcripts, requested notice of any proposed dismissal or settlement, and expressly reserved the possibility of later intervention.

The relator lost his case on summary judgment. He filed a notice of appeal fifty-one days later. Appellee argues that we must dismiss the appeal for lack of jurisdiction, because it was filed late. The issue of whether in a *qui tam* case a notice of appeal is controlled by the usual thirty day rule, or by the sixty day rule for cases in which the United States is a party, is of first impression. The answer depends on whether the United States should be considered a "party" for purposes of Rule 4(a)(1). The United States filed a notice before us stating that "the United States is not a party to the appeal and will not be appearing for oral argument," and attached a copy of its notice to the district court declining to intervene.

■ The controlling rule makes the choice of time period depend on whether the United States "is a party":

> ... the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

Fed. R.App. P. 4(a)(1).

Reasonable people could go either way on whether the United States is a party, and have. We have a choice between an intercircuit conflict, and some tension with our own established circuit law. The 10th Circuit has held, over a dissent, that once the government elects not to take over the case, the thirty day appeal period applies. *United States ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, 588 F.2d 1327 (10th Cir.1978). We have held that in a Miller Act case, the sixty day period applies because the action must be brought "in the name of the United States." 40 U.S.C. § 270a. *United States ex rel. Custom Fabricators, Inc. v. Dick Olson Constructors, Inc.*, 823 F.2d 370, 371 (9th Cir.1987).

It does not matter much whether the unsuccessful party in a *qui tam* action has a thirty day or a sixty day deadline for filing notice of appeal. What matters a great deal is that the unsuccessful party in district court be able to figure out which time period applies, easily, without extensive research, and without uncertainty. A literal interpretation of the rule achieves this important purpose. *See Petrofsky*, 588 F.2d at 1329 (Logan, J., dissenting)

■ The government says that it is not a party to this appeal, and it has expressly declined to participate. On the other hand, its name is on all papers as the plaintiff, as it must be under the controlling statute. A person who files a *qui tam* action does so "for the person and for the United States government." 31 U.S.C. § 3730(b)(1). The action must be brought "in the name of the government." *Id.* Though a successful *qui tam* relator is richly rewarded under 31 U.S.C. § 3730(d)(2), the government gets most of the money, and the private relator's reward is in the nature of a bounty. *See United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 749 (9th Cir.1993) (relator receives a "bounty" if he prevails).

■ In a Miller Act case, the United States must be named as a party, but ordinarily has no actual financial interest. By contrast, in a *qui tam* action, the United States gets most of the money, so it is an interested party in fact as well as in name. If the mere nominal party status of the United States in a Miller Act case, such as *Custom Fabricators*, is enough to invoke the sixty day appeal period, it follows *a fortiori* that the government's nominal party status combined with the majority financial interest in the outcome suffices to make it a party for purposes of the sixty day notice of appeal rule.

Accordingly, Appellee's argument that the appeal should be dismissed as untimely is rejected. We have jurisdiction over the appeal. This published opinion concerns only the issue of timeliness of appeal under Rule 4(a)(1). In a separate unpublished disposition, we address Haycock's substantive claims.