IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20743

_____

THE UNITED STATES OF AMERICA,
ex rel SANDRA RUSSELL, in her own right;
SANDRA RUSSELL,

Plaintiffs-Appellants

versus

EPIC HEALTHCARE MANAGEMENT GROUP;
HEARTHSTONE HOME HEALTH INC., doing business as
Continucare Health Services

Defendants-Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

October 14, 1999

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

This False Claims Act suit raises the question of time to appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure in *qui tam* cases in which the United States has not intervened. *Qui tam* plaintiff Sandra Russell filed a notice of appeal of the dismissal of her action forty-eight days after the entry of judgment. We must decide if the parties have sixty days in which to file a notice of appeal when the United States has not intervened in a False Claims Act suit. We find that Russell's

notice of appeal was timely filed within sixty days but we AFFIRM the district court's dismissal of the suit because Russell failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

I

Sandra Russell sued her employers, Epic Healthcare Management Group and Hearthstone Home Health, Inc., d/b/a ContinuCare Health Services, under the False Claims Act, 31 U.S.C. § 3729 et seq. (1994). The United States declined to intervene in the action. Epic and Hearthstone sought dismissal of her suit on the ground that she failed to plead fraud with particularity as required by Rule 9(b). The district court gave Russell the opportunity to amend her complaint to rectify the deficiency, and the court dismissed Russell's action because her amended complaint failed to comply with Rule 9(b).

II

Russell's case presents an issue of first impression in this court: whether the government is a party for purposes of Rule 4(a) of the Federal Rules of Appellate Procedure when a *qui tam* plaintiff has brought suit on behalf of the government, but the United States has declined to intervene in the action. Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides:

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals, the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the

> entry of judgment or order appealed from; but if the United States or officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

The sixty-day period is supported by the exigencies of government. The Advisory Committee's Notes of 1946 to Rule 73(a) of the Federal Rules of Civil Procedure, the predecessor of Rule 4(a), explain that the government's institutional decisionmaking practices require more time to decide whether to appeal and that in fairness, the same time should be extended to other parties in a case in which the government is a party. *See* MOORE'S FEDERAL PRACTICE § 304.11[2], at 304-24 (3d ed. 1997).

In a *qui tam* case in which the United States intervenes, the government is clearly a party and the sixty-day rule applies. The difficulty arises when the government chooses not to intervene. When a False Claims Act suit is initiated by a private person--a *qui tam* plaintiff or relator--the action is brought "for the person and for the Government" and is "brought in the name of the Government." 31 U.S.C. § 3730(b)(1). The government has sixty days after receiving a complaint and evidentiary information from the relator to decide whether to intervene in the suit. *See id.* § 3730(b)(2)-(4).

If the government decides not to intervene, the citizen may conduct the action. *See id.* § 3730(b)(4)(B). However, the government's involvement may continue. If the government decides not to intervene initially, it may request that it be served with

3

copies of pleadings and be sent deposition transcripts; may intervene later for good cause shown; may pursue alternative remedies, such as administrative proceedings; and must give its written consent to dismissal of the suit. *Id.* § 3730(b)(1) and (c). Even when it does not intervene, the government receives the larger share of any recovery. *See id.* § 3730(d).

The peculiar nature of the government's relation to a *qui tam* suit has in other contexts presented us the question whether the non-intervening United States is a party to the suit for specified purposes. In *Searcy v. Philips Electronics North America Corp.*, we held that the United States could not appeal of right when it had not intervened before the district court, but that it could appeal the settlement of the case as a non-party. *See* 117 F.3d 154, 155 (5th Cir. 1997). We were persuaded that the government had no appeal of right because it was not a party to the suit, reasoning that as the False Claims Act distinguishes cases in which the government is and is not an active litigant, we should not treat the government as a party for purposes of standing to appeal when it had chosen not to intervene. *Id.* at 156.

In *United States ex rel. Foulds v. Texas Tech University*, we held that the 11th Amendment barred a relator's suit against a state when the United States had not intervened because the United States was not an active litigant and hence had not "commenced or prosecuted" the action for purposes of the 11th Amendment. *See* 171

4

F.3d 279, 290 (5th Cir. 1999). The *Foulds* court recognized, however, that the United States is a real party in interest to a *qui tam* suit and may be a relevant party in the suit for some purposes of the litigation. *See Foulds*, 171 F.3d at 289, 291.

Two circuits have examined the time-to-appeal issue and have reached conflicting conclusions. The Ninth Circuit recently applied the sixty-day period, emphasizing the need for simplicity and clarity in applying the rule. *See United States ex rel. Haycock v. Hughes Aircraft Co.*, 98 F.3d 1100 (9th Cir. 1996). The court pointed out that, even though the government declined to intervene, the government's name was still on all of the papers as the plaintiff and the government would receive most of the money from an award. *See id.* at 1102. *Haycock* applied the sixty-day rule to ensure that the parties could determine the time for filing "easily, without extensive research, and without uncertainty."[1] *Id*.

In contrast, the Tenth Circuit has applied the thirty-day period, reasoning that the government's name on the pleadings was merely a statutory formality and that the relator did not merit the longer period afforded the government. *United States ex rel.*

---

[1] In *Searcy*, we referred to the Ninth Circuit's *Haycock* decision concerning the applicability of Fed. R. App. P. 4(a)(1): "viewing the government as a party for the purposes of Rule 4(a)(1) does not compel us to treat it as a party for all appellate purposes." *Searcy*, 117 F.3d at 156. *Searcy* did not decide whether the sixty-day rule applies when the government does not intervene in a False Claims Act suit.

*Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, 588 F.2d 1327, 1329 (10th Cir. 1978). The majority rejected the dissent's argument that the language of the False Claims Act could mislead the parties; the majority held there was no prejudice because the parties were aware that the government disclaimed participation. *See id.* at 1329.

The Tenth Circuit does not address the contention that the government is a party albeit represented by the relator. Whether in any sense a relator in a *qui tam* suit under the False Claims Act is the government or is an agent or independent actor does not control our reading of Rule 4. We need not here join the debate over a relator's standing under Article III. Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." This is a charge to resist reading the Rules in a manner that lays traps for the unwary. Doing so, we are persuaded by the *Haycock* court's view that the language of the False Claims Act is apt to mislead *qui tam* plaintiffs into believing that the United States is a party, and we agree that Rule 4(a)(1) should be construed to reduce uncertainty in the already difficult conceptual terrain of *qui tam* suits. However the relationship between a relator and the government may be shaded in different contexts, the government is ever present in *qui tam* suits in ways that promote confusion. We hold that when

6

the United States has declined to intervene in a False Claims Act suit filed by a *qui tam* plaintiff, Rule 4(a)(1) provides the remaining parties sixty days from the entry of the judgment or order appealed from to file notices of appeal.

### III

A dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *See Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). We review dismissal on these grounds *de novo*. *See id.*

The complaint in a False Claims Act suit must fulfill the requirements of Rule 9(b). *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). While the Federal Rules of Civil Procedure generally require in a complaint only a short and plain statement of the cause of action, Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of a mind of a person may be averred generally." To plead fraud with particularity a plaintiff must include the "'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)(quoting Tuchman v. DSC Communications Corp., 14

7

F.3d 1061, 1068 (5th Cir. 1994)), *cert. denied*, 118 S. Ct. 412 (1997).

The conduct to which liability attaches in a False Claims Act suit consists in part of false statements or claims for payment presented to the government. *See United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999). Because such statements or claims are among the circumstances constituting fraud in a False Claims Act suit, these must be pled with particularity under Rule 9(b).

Russell maintains that the Rule 9(b) requirements should be relaxed in her case because the information necessary to provide her claim with sufficient particularity is within the exclusive control of Epic and Hearthstone. We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief, provided the plaintiff sets forth the factual basis for his belief. *See Thompson*, 125 F.3d at 903 (warning that the exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations" (citations omitted)). Russell asserts that she was unable to obtain the necessary information because a confidentiality agreement prohibited her from copying relevant documents while she worked for Epic and Hearthstone. The district court found that Russell was not entitled to the relaxed standard

because documents containing the requisite information were possessed by other entities, such as the Healthcare Financing Administration. We agree.

We decline to further relax Rule 9(b) in the context of *qui tam* suits. The text of the rule provides no justification for doing so. As we observed in reading Rule 4 of the Federal Rules of Appellate Procedure, we are to be practical and strive for simple, direct and clear meanings. We have no license to craft judicial exceptions, and we see no reason to do so here. Furthermore, the False Claims Act grants a right of action to private citizens only if they have independently obtained knowledge of fraud. *See* 31 U.S.C. § 3730(e)(4). With this requirement the government seeks to purchase information it might not otherwise acquire. It must decide on review of the sealed complaint whether to take the case over. A special relaxing of Rule 9(b) is a *qui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate.


IV

Russell's appeal was timely filed, but as her complaint fails to allege a violation of the False Claims Act with particularity, we AFFIRM the district court's dismissal of her suit.

AFFIRMED.


9