# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-50034

_____


United States of America, ex rel, WOOD STEELE ERSKINE;
MARJORY S ERSKINE,

                                        Plaintiffs - Appellants,

versus


VANESSA HYATT BAKER,

                                        Defendant - Appellee.



Appeal from the United States District Court
For the Western District of Texas
(MO-97-CV-202)

April 13, 2 000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Wood and Marjory Erskine ("the Erskines"), plaintiffs in this *qui tam* action under the False

Claims Act ("FCA"),[1] appeal the grant of summary judgment against them. The district court found

that the Erskines' claim was time-barred under 31 U.S.C. § 3731. Reviewing this question *de novo*,

*see Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999), we affirm.

Section 3731(b) states:

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    The FCA allows a private citizen to act as a *qui tam* plaintiff—a "relator"—and sue "any person" who commits designated types of fraud against the government. *See* 31 U.S.C. §§ 3129-3130. The private citizen "bring[s] [the] civil action . . . for the person and for the United States Government," *id.* § 3130(b)(1), with both parties sharing in the recovery. The government can intervene and prosecute the suit itself, it can dismiss or settle the suit, or it can allow the relator to prosecute the suit independently and thereby obtain a greater share of any recovery. *See id.* § 3730.

> A civil action under section 3730 may not be brought—
>> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
>> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
> whichever occurs last.

31 U.S.C. § 3731(b). This provision makes the Erskines' case untimely.

As evidenced by its text and its legislative history, § 3731(b)(2) protects the government from fraud that is not immediately discoverable. *See id.* § 3731(b)(2) (tolling until "the official of the United States charged with responsibility to act in the circumstances" has notice); S. Rep. No. 345, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5280 (1986) ("[T]he subcommittee added a modification of the statute of limitations to permit the Government to bring an action within 6 years of when the false claim is submitted (current standard) or within 3 years of when the Government learned of a violation, whichever is later. The subcommittee agreed that because fraud is, by nature, deceptive, such tolling of the statute of limitations is necessary to ensure the Government's rights are not lost through a wrongdoer's successful deception."). Because the language and legislative history of § 3731(b)(2) do not offer similar protection to relators, § 3731(b)(2) is only available to relators if they are in direct identity with the government. Our precedent forecloses this possibility. In *United States ex rel. Foulds v. Texas Tech University*, 171 F.3d 279 (5th Cir. 1999), *petition for cert. filed* 68 U.S.L.W. 3153 (U.S. Aug. 27, 1999) (No. 99-321), we held that a relator's independent and controlling role in initiating and prosecuting an FCA suit meant that she was not sufficiently aligned with the United States to be able to invoke the United States's "sovereign ability to evade the prohibitions of the Eleventh Amendment." *Id.* at 294. The same reasoning indicates that the Erskines cannot avail themselves of § 3731(b)(2)'s statute of limitations.[2] The United States is not "the acting party-of-

---

[2]     We did not apply a similar reading of *Foulds* in *United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304 (5th Cir. 1999). There, we determined that, in *qui tam* actions where the United States chooses not to intervene, a plaintiff has sixty days to file a notice of appeal rather than the thirty days she would normally have if the United States were not a party. *See id.* at 306-08 (citing Fed. R. App. P. 4(a)(1)). *Russell* is distinguishable, because in *Russell* we relied on the general policy of reading the Federal Rules in a manner which avoids "traps for the unwary." *See id.* at 308 (citing Fed. R. Civ. P. 1). We concluded that because the language of the FCA was "apt to mislead *qui tam* plaintiffs into believing that the United States is a party, . . . Rule 4(a)(1) should be construed to

record" in this case, *id.* at 291, and indeed has chosen not to be. Because this action is not prosecuted by the United States or by its deputy, *see id.* at 289-90, the Erskines cannot benefit from a tolling provision passed exclusively for the government's benefit,[3] *cf. id.* at 293 ("Qui tam plaintiffs cannot qualify as surrogates of 'responsible federal officers' who have the right to represent the sovereign and sue the respective states."); *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 6 F. Supp. 2d 263, 265 (S.D.N.Y. 1998) ("By the clear statutory language, the Relator's time is not extended [under § 3731(b)(2)] to three years after the United States official learns of the violation. That provision only applies to the government.").

The Erskines are thus bound by § 3731(b)(1), which governs relator actions. Although the Erskines' concede that they filed their case "more than 6 years after the date on which the violation of section 3729 [was] committed," 31 U.S.C. § 3731(b)(1), they argue that the six-year limitations period in § 3731(b)(1) is subject to equitable tolling such that it does not begin to run until they discovered the fraud. This argument lacks merit. As an initial matter, the Erskines waived any equitable tolling claim by not asserting it below. *See Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."). More importantly, this argument is contrary to the plain structure of the statute. Section 3731(b)(2) contains the tolling

---

reduce uncertainty in the already difficult conceptual terrain of *qui tam* suits." *Id.* This reasoning does not apply here. First, the Erskines have not directed us to a policy which instructs us to broadly construe § 3731 in favor of a relator. Second, while a broad construction is appropriate in a confusing area of the law where the parties are given a relatively short amount of time in which to act (*i.e.*, 30 or 60 days in which to file a notice of appeal), no similar construction is appropriate when plaintiffs are given six years to bring their case.

[3] Our reading conflicts with that of the Ninth Circuit in *United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211 (9th Cir. 1996), where the court held that *qui tam* plaintiffs can invoke § 3731(b)(2). *See id.* at 1214. We are, of course, bound by *Foulds's* reasoning distinguishing between a *qui tam* plaintiff and the United States, *cf.* Case Comment, *Fifth Circuit Holds that Eleventh Amendment Bars Qui Tam Suits Against States When the Department of Justice Does Not Intervene: United States ex rel. Foulds v. Texas Tech University*, 113 Harv. L. Rev. 1057, 1057-59 (2000) (discussing *Foulds*), and not by *Hyatt*. Further, even if we were persuaded by the Ninth Circuit's reasoning, the Erskines' claim would still be untimely. The Ninth Circuit concluded that the time limit in § 3731(b)(2) runs from the time the private plaintiff learns of the basis for suit, rather than, as the Erskines argue, from when the plaintiff informs the United States official or the official otherwise learns about the basis for the suit. *See id.* at 1218 ("Hyatt cannot have it both ways. If he accepts the benefits of the tolling statute, he must be subject to its restrictions."). The district court found below, and the Erskines do not dispute, that they had knowledge of the basis for their suit more than three years before they filed it.

provision the Erskines seek.[4] *See id.* § 3731(b)(2) (running the limitations period from "the date facts material to the right of action are known or reasonably should have been known"); *cf. Hyatt*, 91 F.3d at 1216 ("The 1986 FCA Amendments codified this equitable tolling principle in 31 U.S.C. § 3731(b)(2) . . . ."). The absence of similar language in § 3731(a)(1) evinces a clear intent to not allow equitable tolling of this limitations period for fraud.[5] *See Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d 17, __ (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quotations omitted), *quoted in United States v. Juvenile No. 1*, 118 F.3d 298, 304 (5th Cir. 1997); *cf. United States v. Borin*, 209 F.2d 145, 148-49 (5th Cir. 1954) (finding that a much earlier version of the statute of limitations, which stated only that "[e]very [Fair Claims Act] suit shall be commenced within six years from the commission of the act, and not afterward," did not allow for equitable tolling).

Accordingly, we AFFIRM the district court's grant of summary judgment.

---

[4]    This inclusion undercuts the Erskines' reliance on *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S. Ct. 582, 90 L. Ed. 743 (1946), which stated that the doctrine of equitable tolling, under which a statute of limitations does not begin to run against a "plaintiff [who] has been injured by fraud and remains in ignorance without any fault on his part," "is read into every federal statute of limitations." *Id.* at 397, 66 S. Ct. at 585, 90 L. Ed. at __. Here, Congress has expressly read this equitable tolling doctrine into the statute, *cf. United States v. Borin*, 209 F.2d 145, 148-49 (5th Cir. 1954) (rejecting the United States's argument that *Holmberg* requires equitable tolling under a much earlier version of the statute of limitations), to protect the party injured by the fraud, *i.e.*, the United States. *Holmberg* provides no rationale for contravening Congress's intent and providing additional protection for the *qui tam* plaintiff.

[5]    While § 3731(b)(2)—with its express tolling provisions—contains an absolute limitations period of ten years, § 3731(b)(1) contains no similar absolute limitations period. Thus, allowing equitable tolling under § 3731(b)(1) in substantially the same circumstances as under the express provisions of § 3731(b)(2) would render the ten-year absolute limitations period in § 3732(b)(2) meaningless. *See United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) ("[W]ords in statutes should not be discarded as 'meaningless' and 'surplusage' when Congress specifically and expressly included them, particularly where the words are excluded in other sections of the same act."). A plaintiff could invoke § 3731(b)(1)'s implicit equitable tolling rule with no absolute time bar and thereby avoid the absolute time bar which accompanies § 3731(b)(2)'s express tolling provision.
    The Erskines attempt to overcome this unreasonable reading of the statute by arguing that the absolute ten-year limitations period in § 3731(b)(2) would also apply to equitable tolling under § 3731(b)(1). This argument runs afoul of the canon of statutory construction that, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d 17, __ (1983). The argument is especially unpersuasive here, because Congress inserted the ten-year absolute bar as an additional clause at the end of § 3732(b)(2) when it could easily have added the clause to immediately-succeeding language which applies to both subsection (1) and subsection (2). *See* 31 U.S.C. § 3731(b) (concluding with the phrase "whichever occurs last").