IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-30702

—————

UNITED STATES OF AMERICA ex rel. SCHUMANN RAFIZADEH,

Plaintiff-Appellant-
Cross-Appellee,

v.

CONTINENTAL COMMON, INC.;
BASIC PROPERTY MANAGEMENT;
REGIS PROPERTY MANAGEMENT;
TRANSCONTINENTAL REALTY, INC.,

Defendants-Appellees-
Cross-Appellants.

—————

Appeals from the United States District Court
for the Eastern District of Louisiana

—————

Before JONES, Chief Judge, REAVLEY and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Schumann Rafizadeh sued under the False Claims Act ("FCA"), 31 U.S.C.
§ 3729(a), alleging that the defendant property owners and managers (collective-

ly "Continental") overcharged two Louisiana departments on lease agreements.[1] Both sides appeal, and we affirm.

## I.

The Louisiana Departments of Social Services ("DSS") and Health and Hospitals ("DHH") (collectively the "Departments") maintain office leases with Continental. Louisiana and the United States jointly fund the Departments, with the federal government providing at least 64% of the funding. To secure funding, the Departments submit annual budgets to the United States.

Rafizadeh alleges that Continental overcharged the Departments under the lease agreements by overestimating the usable space in the office buildings the agencies occupy. Continental was aware that the United States largely funded the Departments. In his complaint, Rafizadeh insists that Continental submitted false claims to the Departments, "causing [them] to present same to the United States Government for payment thereof."

Continental moved to dismiss under Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on account of inadequate pleading of presentment. The district court dismissed with prejudice under Rule 12(b)(6), and Rafizadeh appeals.[2]

Continental then moved for attorneys' fees, contending that the suit was frivolous and vexatious. The district court denied the motion, and Continental cross-appeals.

---

[1] The United States declined to intervene.

[2] In briefing before the district court and this court, Rafizadeh asserts that the lease payments were "incorporated in the budgets" presented to the United States for payment. Review of a dismissal is typically limited to the facts as stated in the complaint. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996) ("The review of such a motion is limited to the plaintiffs' complaint.") (citing Jackson v. City of Beaumont Police Dep't, 958 F.2d 616, 619 (5th Cir. 1992)). Accordingly, we do not consider whether alleging incorporation of a false claim in a budget alone satisfies the pleading requirements of Rule 9(b).

II.

We review a dismissal under Rule 12(b)(6) or Rule 9(b) de novo. See United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir. 2003). On review of dismissal, "the allegations in the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."[3] To survive dismissal under Rule 12(b)(6), "the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.'"[4] For complaints pleading fraud and malice, Rule 9(b) creates a heightened pleading requirement that "the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b).[5] Rule 9(b)'s pleading standards govern a FCA complaint. See Doe, 343 F.3d at 328.

The district court dismissed for failure to plead "presentment of the inflated invoices to the United States." Rafizadeh alleges the court erred in concluding that the complaint did not adequately plead presentment under 31 U.S.C. § 3729(a)(1) and that 31 U.S.C. § 3729(a)(2) requires a showing of presentment.

III.

A.

A party is liable if it "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). To plead a false claim successfully under this section, a plaintiff must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusion-

---

[3] EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA, 467 F.3d 466, 467 (5th Cir. 2006) (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)).

[4] S. Scrap Material Co., LLC v. ABC Ins. Co. (In re S. Scrap Material Co., LLC), 541 F.3d 584, 587 (5th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007)).

[5] See generally 2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 9.03[1] (Lexis-Nexis 3d ed. 2008).

al allegations. See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997). Because the linchpin of an FCA claim is a false claim, "the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby' must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b)."[6]

Rafizadeh's complaint alleges that "[d]efendants knowingly submitted false and inflated claims for rental invoices to [the Departments]," which caused them to present the same to the United States "for payment thereof, in accordance with the federal government's commitments to fund the Agencies' budgets." This pleading is lacking in the particularity demanded by Rule 9(b). Rafizadeh does not describe what statements were contained in the budget, who prepared it, or what role it played in securing funding from the federal government. See, e.g., Doe, 343 F.3d at 329. The complaint does not satisfy Rule 9(b).[7]

## B.

A party can also violate the FCA if it "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2). Rafizadeh argues that § 3729(a)(2), unlike § 3729(a)(1), does not require presentment. The district court disagreed, citing United States ex rel. Totten v. Bombardier Corp., 380 F.3d

---

[6] Doe, 343 F.3d at 329 (quoting United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 308 (5th Cir. 1999)). The Rule 9(b) standard can be relaxed where "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." Russell, 193 F.3d at 308 (citing Thompson, 125 F.3d at 903). We will not exempt a plaintiff from Rule 9(b) requirements, however, where the documents containing the requisite information are in the possession of, and presumably available from, other sources. See id. The United States and the Departments possess the documents pertinent to Rafizadeh's claim, so the documents are obtainable, and a relaxation of the Rule 9(b) requirement is inappropriate.

[7] Although we affirm based on Rule 9(b) instead of Rule 12(b)(6), which the district court used, the Rule 9(b) deficiency was argued to the district court, and the issue was properly preserved for review.

488 (D.C. Cir. 2004).

After the district court entered judgment, the circuit split regarding presentment under § 3729(a)(2) was resolved in *Allison Engine Co. v. United States ex rel. Sanders*, 128 S. Ct. 2123 (2008). Even though "§ 3729(a)(1) requires a plaintiff to prove that the defendant 'present[ed]' a false or fraudulent claim to the Government, the concept of presentment is not mentioned in § 3729(a)(2)." Id. at 2129. The Court agreed with Rafizadeh's general contention that presentment is not required under § 3729(a)(2). Id. at 2129-30.

The Court did, however, clarify what a plaintiff is required to prove under § 3729(a)(2). He must show "that the defendant made a false record or statement for the purpose of getting 'a false or fraudulent claim paid or approved by the Government.'" Id. at 2130. If the defendant "makes a false statement to a private entity and does not intend the Government to rely on that false statement as a condition of payment, the statement is not made with the purpose of inducing payment of a false claim 'by the Government.'" Id. "[A] plaintiff asserting a § 3729(a)(2) claim must prove that the defendant intended that the false record or statement be material to the Government's decision to pay or approve the false claim." Id. at 2126.

"Of course, Supreme Court decisions apply retroactively and prospectively to all cases on direct appeal whenever applied to the litigants before the Court." *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 282 (5th Cir. 1999) (citing *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)). Generally, we would remand to provide Rafizadeh with a chance to plead the facts relevant to *Allison Engine's* § 3729(a)(2) standard.[8] Remanding here would be fruitless, however, because Rafizadeh's claim falters under Rule 9(b) regardless of whether

---

[8] See, e.g., *Deffenbaugh-Williams*, 188 F.3d at 282 ("When law changes in unanticipated ways during an appeal . . . this court will generally remand for a new trial to give parties the benefit of the new law and the opportunity to present evidence relevant to that new standard.").

it meets the newly-announced § 3729(a)(2) requirements. Despite the fact that § 3729(a)(2) does not require presentment, a relator alleging a § 3729(a)(2) violation must still show the "who, what, when, where, and how of the alleged fraud" under Rule 9(b).[9] Rafizadeh has failed to meet several of the Rule 9(b) requirements: "what" statements were in the budget, "who" prepared it, and "how" it was used to get government funds. Thus, the claim fails under Rule 9(b) regardless of whether Rafizadeh satisfies Allison Engine.

## IV.

Continental cross-appeals the denial of its motion for attorneys' fees under 31 U.S.C. § 3730(d)(4)[10] and 28 U.S.C. § 1927.[11] Under both of these sections, we review for abuse of discretion.[12] Generally, "the trial judge is in the best position to review the factual circumstances and render an informed judgment as he is intimately involved with the case, the litigants, and the attorneys on a daily ba-

---

[9] Doe, 343 F.3d at 328 (internal quotation marks and citation omitted). See, e.g., United States ex rel. Marlar v. BWXT Y-12, L.L.C., 525 F.3d 439 (6th Cir. 2008) (stating that although "'presentment' is not required for actions under [§ 3729(a)(2)] . . . we have repeatedly held that proof of a false claim is required . . . .") (citations omitted).

[10] Section 3730(d)(4) reads as follows:

If the government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

[11] Section 1927 reads as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[12] See CenterPoint Energy Houston Elec. LLC v. Harris County Toll Road Auth., 436 F.3d 541, 550 (5th Cir. 2006) (citing Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 550 (5th Cir. 2003)).

sis," so our review of fee decisions is especially deferential.[13]

Continental argues that Rafizadeh's vague factual allegations, which it claims seek to skirt the presentment requirement, show the complaint to be frivolous. An action is not frivolous if existing law or a reasonable suggestion for its extension, modification, or reversal supports the action. Cf. Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Although Rafidezeh's allegations are not pleaded with sufficient particularity under Rule 9(b), he tendered a good-faith argument that presentment is not required for § 3729(a)(2) actions. The district court did not abuse its discretion in finding that the qui tam claim was not frivolous.

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1006 (9th Cir. 2002) (citations omitted). But, "the award of fees under the false claims act is reserved for rare and special circumstances." Id. at 1006-07. Continental contends that Rafizadeh's suit is vexatious, because it is the fourth suit between the parties, and the original complaint raised issues that had been litigated elsewhere.

Despite the fact that the first amended complaint raised issues regarding Louisiana public bid law, the second amended complaint raised only the non-frivolous qui tam action, which had not been an issue in the earlier state suits. The district court is better suited than are we to determine whether these additional allegations so inflated the costs of litigation as to constitute harassment.

Continental also seeks attorneys' fees, costs, and expenses from Rafizadeh's counsel for filing a motion for a preliminary injunction to prohibit Continental from selling the property at issue. In denying that motion, the district court found that Rafizadeh had failed to establish any of the four relevant fac-

---

[13] Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 566 (5th Cir. 2006) (citing Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 873 (5th Cir. 1988) (en banc)).

tors. Nonetheless, the court considered Continental's request for attorneys' fees regarding that motion and found that the motion was not clearly vexatious.

In CenterPoint, 436 F.3d at 550-51 (5th Cir. 2006), we remanded a request for attorneys' fees where the district court had made no findings on the fee motion. Here, the findings are not extensive, but the court did address fees in a separate order and found that "the Court cannot say that this litigation was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment under 31 U.S.C. § 3730(d)(4)." These findings, although not intricately detailed, are far from the summary order issued in CenterPoint and are a sufficient explanation for the denial of fees. This suit is not clearly vexatious.[14]

In summary, because Rafizadeh failed to plead with the particularity required by Rule 9(b), the dismissal of his §§ 3729(a)(1)-(2) claim is AFFIRMED. On cross-appeal, the denial of attorneys' fees is likewise AFFIRMED.

---

[14] Continental also alleges that Rafizadeh was on notice, via a letter from the Louisiana Division of Administration, that the factual allegations about over-billing were false; Continental points out that Rafizadeh gave a newspaper interview to the New Orleans Times-Picayune in which he threatened "revenge" against Continental. Although these allegations are troubling, the district court did not abuse its wide discretion in finding that the suit was not clearly vexatious or brought primarily for harassment.

REAVLEY, Circuit Judge, specially concurring:

I concur in this judgment because the district court properly ruled that the complaint failed to state a legal claim. The judge there ruled two years prior to *Allison Engine Co. v. United States ex rel. Sanders*, 128 S. Ct. 2123 (2008), and did so correctly. I see no Rule 9(b) defect. The manner of payment by the United States is stated: it is a federal grant for a percentage of the state agency's budget. But that fails to allege a claim under the False Claims Act as decided by the Supreme Court.