UNITED STATES of America ex rel., J. Benjamin JOHNSON, Jr., et al.

v.

SHELL OIL COMPANY, et al.

Civ.A. No. 9:96CV66.

United States District Court,
E.D. Texas,
Lufkin Division.

Sept. 8, 1998.

---

Michael Havard, Scott Powell, Lon Pack-
ard, et al., Claude E. Welch, James B. Hel-
mer, Jr., Clayton E. Dark, Jr., Helmer, Lug-
bill, Martins & Morgan, Cincinnati, OH, for
Plaintiff.

Dodge Wells, J. Michael Bradford, O. Ken-
neth Dodd, for United States.

Alan Grimaldi, Roger Neil Moss, Steve
Roper, et al., for Defendant.

## MEMORANDUM OPINION AND ORDER

HANNAH, District Judge.

Came on this date defendants'[1] Motion to
Dismiss the Relators' Complaint pursuant to
Rule 9(b) of the Federal Rules of Civil Proce-
dure. The Court, having previously heard
oral arguments on behalf of the defendants
and relators and having studied the memo-

---

1. Defendants are all the named defendants with the exception of the following: BP Exploration Co.; BP Energy Co., Inc. and BP Operating Inc.; Oryx Energy Company and Oryx Crude Trading and Transportation, Inc., who have submitted a separate motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) which will be considered separately; and Texaco, Inc., Texaco Trading & Transportation, Inc.; Texaco Oil Trading & Supply Company; Texaco Producing Inc., Texaco Refining & Marketing, Inc.; and Four Star Oil and Gas Company, who were joined late and whose motion to dismiss under 9(b) was recently filed and will be considered separately.

randa filed by the parties, issues the following opinion and order.

### The Defendants' Position

■ The defendants argue in their motion to dismiss that the Complaint lacks the factually specific allegations required by Rule 9(b). The defendants correctly argue that Rule 9(b) applies to claims alleging violations of the False Claims Act, 31 U.S.C., §§ 3729–3732, under which the relators have brought this action. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997).

The defendants then point out the deficiencies they believe exist in the relators' complaint, *inter alia*, specifically the lack of "allegations of the particulars of time, place, and contents of the false representations as well as the identity of the persons making the misrepresentation and what he obtained thereby;"[2] "[t]he relators' utter failure to identify which of the defendants allegedly committed which fraudulent activity, and to specify when that activity occurred;"[3] "[t]he Complaint does not identify any specific royalty amounts withheld from the government by any of the Defendants. Nor does the Complaint specify even one particular oil value improperly used by any of the Defendants;"[4] "[t]he Complaint certainly does not provide any factual allegations even hinting at the existence of any conspiracy;"[5] that the relators have failed to specify exact dates of the submission of the false claim, the identity of persons making the false representation or the place where the fraud occurred;[6] and "fails to allege any facts supporting an inference of fraudulent intent."[7]

It is fair to say that the defendants believe the relators must allege facts with excruciating exactness as to the times, locations, and persons, involved in each and every statement plead as well as each statements' contents. Otherwise, the defendants consider the Complaint to be fatally detective under Rule 9(b).

### The Applicable Law

■ This Court will apply the 5th Circuit rule reenunciated in *Thompson, supra* in regard to the test of particularity required in Rule 9(b) motions and their application to False Claims cases. It is a simple rule. The Complaint must contain the "who, what, when, where and how," of the false representation.

However, at the same time, this Court does not read Rule 9(b) as reflecting a subscription to fact pleading and will keep in mind that Rule 8 of the Federal Rules of Civil Procedure require all pleadings to be construed to do substantial justice and must be read *in pari materia* with Rule 9(b). *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir.1997).

■ It is only common sense that the sufficiency of pleadings under Rule 9(b) may depend "upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading." *Payne v. United States*, 247 F.2d 481, 486, (8th Cir.1957). Similarly, it has been widely held that where the fraud allegedly was complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied. *Anthony Distributors, Inc. v. Miller Brewing Co.*, 904 F.Supp. 1363, 1366 (M.D.Fla.1995); *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor*, 814 F.Supp. 720, 726 (N.D.Ill.1993); *In re Sunrise Litig.*, 793 F.Supp. 1306, 1312 (E.D.Pa.1992); *P & P Mkg., Inc. v. Ditton*, 746 F.Supp. 1354, 1362–63 (N.D.Ill.1990); *In re Olympia Brewing Co. Sec. Litig.*, 674 F.Supp. 597, 620 (N.D.Ill. 1987); *Hirt v. UM Leasing Corp.*, 614

---

**2.** Defendants' Motion and Memorandum to Dismiss Relators' Complaint Pursuant to Rule 9(b), at page 7, quoting *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993).

**3.** *Id.* at page 208.

**4.** *Id.* at page 208.

**5.** *Id.*

**6.** *Id.* at pages 208–209, citing *Zucker v. Katz*, 708 F.Supp. 525, 530 (S.D.N.Y.1989).

**7.** Id. at page 208.

F.Supp. 1066, 1072 (D.Neb.1985) (quoting 2A J. Moore's Federal Practice 9.093 at 9–28 (1979)); *In re Catanella and E.F. Hutton Co. Sec. Litig.*, 583 F.Supp. 1388, 1397 (E.D.Pa. 1984). To approach the issue otherwise would allow the more sophisticated to escape liability under a False Claims case due to the complexity of their scheme and their deviousness in escaping detection.

Keeping in mind that a plaintiff must plead specific facts and not mere conclusory allegations, but accepting as true the well-pleaded factual allegations of the complaint and reasonable inferences to be drawn from them, we turn to the complaint at hand. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993), *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).

### Realtors' Complaint[8]

An abridgment of the relators' allegations is:

■ The United States owns or controls lands containing vast resources of crude oil. The lands are parceled out in leases. The defendants have obtained many of these leases from which they are legally required to pay "oil royalties" to the United States. The collection of the royalties from these lands is administered by the Management Mineral Service of the United States Department of the Interior. The United States, through the Management Mineral Service, requires the defendant lessees to file a monthly report for each lease (Form MMS–2014) of oil sales and royalty remittances for the preceding production month. The MMS–2014 requires each defendant to "state the sales values and volumes at which oil royalties" have been calculated for payment to the United States.

The Code of Federal Regulations at 30 C.F.R. § 206.102 provides the royalty valuation standard for oil produced from federally leased land and requires in part, "under no circumstances shall the value of production, for royalty purposes, be less than the gross proceeds accruing to the lessee for lease production . . . ."

The relators further allege that since 1986 each defendant, on each lease held by him, has calculated and paid the United States royalties less than those owed to the United States. They allege that the defendants made a "false claim" on each and every monthly MMS 2014 by stating on the form at item 16 and item 18 an amount which was less than the actual gross proceeds; and further, that such conduct was done knowingly. The relators then set out in some detail seven schemes or methods defendants used to knowingly enter the false claims and underpay their royalty obligations.

### Analysis

The Court fails to see how the defendants are not fully apprised of "what" is alleged, "when" the wrongful acts occurred, or "where" the acts made the basis of this suit took place. The false statements entered into the blanks on the MMS 2014 is "what" is alleged. The false statements occurred "when" the MMS 2014 was filled out monthly from 1988 to the present. The monthly report is "where" the wrongful acts took place. The defendants' pleas of the need for specific dates and invoice numbers for each transaction are not persuasive. Such a requirement would cause the complaint to be in the hundred of pages, if not hundreds of pounds. The Court finds defendants are on particular notice as to what, when, and where.

The defendants demand to know "who;" and request the name of the "specific employee" who made the false statement. The defendants are thus asking for the name of each employee who entered the alleged false information upon the MMS 2014 for each lease, for each month for the last decade. The particularities of this case do not compel such specifics since the what, when, and where are so obviously exactly plead. The plain reading of the complaint alleges corporate fraud. A plaintiff cannot be expected to have personal knowledge of the details of corporate internal affairs. *In re Craftmatic Securities Litigation v. Kraftsow*, 890 F.2d 628, 645 (3rd Cir.1989). It follows that a plaintiff cannot be expected to have personal knowledge of the daily activities of the multi-

---

8. The Court's analysis is of the Relators' Consolidated and First Amended Complaint filed August 20, 1998, having noted that the defendants' objections apply as well to this later filed pleading.

tude of corporate clerks involved in filling in government forms.

"How" were the statements false? The relators allege that each report undervalues the sale value on oil produced on federal land leased to the defendants. Specifically, they allege that the oil was valued by the defendants at less than the gross proceeds they received contrary to the provisions of 30 C.F.R. § 206.102(h). Thereby the claims were false. This is "how" the statements were false. The relators go further and claim seven methods or schemes the defendants used to cover up their under-evaluation. The defendants claim that each method or scheme should be applied to a particular lease. The Court disagrees. The Court must accept the relators' allegations as true. It may be that relators will not be able to prove that each method applied to each lease. However, this is either grist for the summary judgment mill, or the target of a motion for judgment as a matter of law. It is not subject to dismissal for failing to state a claim.

■ The search by defendants for allegations in the complaint of fraudulent intent is misplaced. Relators are not required to plead fraud in a False Claims action, rather, only that the conduct by the defendants was done knowingly. "Liability under the Civil False Claims Act is statutory—that is liability arises from performance of one of the acts set forth in 31 U.S.C. § 3729(a). This statutory liability underscores that the False Claims Act ("F.C.A.") is not a fraud statute; instead it is a false claim/false statement statute in which common law principles do not necessarily apply." John T. Boese, Civil False Claims And Qui Tam Actions, 2–5 1998 Supplement.

Knowingly, under the statute, requires that a person:

(1) Has actual knowledge of the information;

(2) Acts in deliberate ignorance of the truth or falsity of the information; or

(3) Acts in reckless disregard of the truth or falsity of the information ...

31 U.S.C. § 3729(b).

Rule 9(b) allows conditions of the mind, in this case, to knowingly file a false claim, to be plead generally. Fraudulent intent needs to be neither plead nor proven.

The relators have met their burden. They have identified government regulations that the defendants were to follow in valuing the production of oil on federal land. The relators allege this was not done and point out the mechanisms used by the defendants to under value the oil. This even exceeds the general averment required.

■ The defendants next seek the specific factual pleadings of the alleged conspiracy in the relators' complaint. This Court sees no reason that the particularity requirements of 9(b) should not apply to conspiracy allegations brought under the False Claims Act. *Hayduk v. Lanna,* 775 F.2d. 441 (1st Cir. 1985). Indeed, the conspiracy provision of the Act seems to require the specific intent to defraud, unlike the other provisions which merely require knowledge. The requirements of particularity are therefore more compelling. The Court finds the conspiracy allegations to be general and conclusive; "a pattern of carefully developed and coordinated schemes," alleging misrepresentations through "buy/sell agreements between themselves," "Defendants have knowingly employed these schemes in a calculated and concerted effort to cheat the United States ...," "Defendants have entered into ... with each other" to misrepresent the true value actually received from oil produced on federal land, etc.; and finally, "Each and every Defendant performed an overt act in furtherance of the conspiracy ..." The what, when, where, and how of the conspiracy is not alleged with particularity. The Defendants are not given fair notice of the substance of the conspiracy claim.

### Conclusion

The claims brought by the relators under Counts 1, 2, and 4 of their complaint specifically allege acts that give the defendants fair notice enabling them to prepare a responsive pleading.

The claim brought by the relators under Count 3 alleging conspiracy, however, does not meet the particularity standard required

by Rule 9(b) and does not give the defendants fair notice;

Therefore, Defendants' motion to dismiss the relators' complaint will be:

**DENIED** as to Counts 1, 2, and 4 of the Relators' Complaint, and

**GRANTED** as to Count 3 of the Relators' Complaint with the Relators having 10 days from receipt of the Order to amend Count 3.