**560**

UNITED STATES of America ex
rel. Jeffrey Scott CLAUSEN,
Plaintiff,

v.

LABORATORY CORPORATION OF
AMERICA, INC., Defendant.

No. CIV.A. 1:97–CV–2200–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 29, 2000.

Amy Berne Kaminshine, Office of United States Attorney, Atlanta, GA, Michael F. Hertz, phv-USA, Laurence J. Freedman, phv-USA, U.S. Department of Justice, Commercial Litigation Division, Washington, DC, for USA.

Scott A. Powell, phv, Donald P. McKenna, Jr., phv, Hare Wynn Newell & Newton, Birmingham, AL, Carol S. Dew, Dew & Smith, Monroe, GA, Mike Bothwell, Office of Mike Bothwell, Roswell, GA, Jeffrey Scott Clausen, Lilburn, GA, James B. Helmer, Jr., phv, Frederick M. Morgan, Jr., phv, Helmer Martins & Morgan, Cincinnati, OH, for Jeffery Scott Clausen.

Jeffery Wright Willis, Rogers & Hardin, Atlanta, GA, for Laboratory Corporation of America, Inc.

### ORDER

THRASH, District Judge.

This is a fraud action brought pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq.* It is before the Court on Defendant's Motion to Dismiss. [Doc. 36]. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

### I. BACKGROUND

On July 28, 1997, Plaintiff Jeffery Scott Clausen, a former competitor of Defendant, filed this action under seal pursuant to the *qui tam* provisions of the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* Defendant, Laboratory Corporation of American, Inc., is a Delaware Corporation with its

principal place of business in Burlington, North Carolina. Defendant is a national commercial reference laboratory that performs medical testing on patients in hospitals, nursing homes and medical offices. The initial complaint alleged that LabCorp violated the FCA by submitting false claims for payment to Medicare, Medicaid, and the Civilian Health and Medical Program of the United States ("CHAMPUS"). The United States declined to intervene in the action and, on January 21, 2000, the Court unsealed the complaint. Plaintiff filed an Amended Complaint on May 10, 2000.

The FCA makes liable to the United States any person who "knowingly presents, or causes to be presented, to...the Government...a false or fraudulent claim for payment or approval, [or] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved." 31 U.S.C. § 3729(1) and (2). The history of the False Claims Act and the 1986 amendments to the Act have been described in detail by the Eleventh Circuit in *United States ex rel. Williams v. NEC Corp.*, 931 F.2d 1493 (11th Cir.1991) and will not be repeated here. Plaintiff's complaint now alleges in Count I of the Amended Complaint that LabCorp violated the FCA by: (1) billing for tests performed through a system of self-referrals that disregarded physician orders and medical necessity (Amended Complaint ¶ 27–33); (2) improperly billing for patient screenings (Amended Complaint ¶ 34–38); (3) billing for duplicative and unnecessary testing (Amended Complaint ¶ 39–41); (4) over billing by "unbundling" laboratory procedures (Amended Complaint ¶ 42); (5) billing for additional and unnecessary blood draws due to the alleged unbundling of tests, duplicative and unnecessary testing, and patient screenings (Amended Complaint ¶ 43); and (6) billing for trip charges with each service performed during a single visit to a nursing home and billing for trip charges associated with alleged duplicative and unnecessary laboratory tests (Amended Complaint ¶ 44–45). Count II alleges Defendant billed for services rendered through illegal kickback and self-referral schemes in violation of 42 U.S.C. § 1395nn(a)(1) and (h)(6) and 42 U.S.C.

§ 1320a–7b(b) (Amended Complaint ¶ 49–54). Defendant asks this Court to dismiss Counts I and II of the complaint for failure to fulfill the particularity requirement for pleading fraud according to Federal Rule of Civil Procedure Rule 9(b). As to Count II only, Defendant also asks that the Court dismiss for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6).

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero*, 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985), *cert. denied*, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.* In cases involving fraud or mistake, however, a plaintiff must plead with particularity. Fed. R.Civ.Pro. 9(b).

## III. DISCUSSION

Defendant argues that Plaintiff has not stated a claim for fraud with sufficient particularity. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). A complaint that presents in detail the "who, what, when, where, and how" of the alleged fraud has generally been held to comply with Rule 9(b). *See, Cooper v. Blue Cross and Blue Shield of Fla.*, 19 F.3d 562, 568 (11th Cir.1994) (holding that the plaintiff's complaint must allege the details of the defendants' allegedly fraudulent acts, when

they occurred, and who engaged in them); *Mathis v. Velsicol Chem. Corp.*, 786 F.Supp. 971, 976–7 (N.D.Ga.1991) (dismissing allegation of fraud where it "[did] not state with particularity the specific situation involved, i.e., who, what, when, where, and how"). This heightened pleading requirement serves to inform defendants of the "precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Business Management Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988). "Its clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims*, 755 F.2d 810, 813, n. 3 (11th Cir.1985).

▮▮▮ Plaintiff remarkably argues that the Court should hold that Rule 9(b) does not apply to FCA claims because statutory rather than common law fraud is involved. It is well settled, however, in this and other circuits, that Rule 9(b) applies to cases involving the FCA. *Cooper*, 19 F.3d at 568; *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1040, 1051 (S.D.Ga. 1990); *Gold v. Morrison–Knudsen Co.*, 68 F.3d 1475, 1476 (2nd Cir.1995); *United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir.1999). Rule 9(b) also applies to other statutory fraud claims such as RICO and securities fraud cases. *Brooks v. Blue Cross Blue Shield of Fla.*, 116 F.3d 1364, 1380 (11th Cir.1997) (holding that plaintiffs are required to plead their RICO claims with the specificity required in Rule 9(b)); *Dudley v. Southeastern Factor and Finance Corp.*, 446 F.2d 303, 309 n. 6 (5th Cir.1971) (holding that shareholders bringing a securities fraud action pled fraud with sufficient particularity to satisfy Rule 9(b)) [1]. "It is self-evident that the FCA is a fraud statute." *Gold*, 68 F.3d at 1476. Requiring plaintiffs to plead fraud with particularity is necessary to provide the defendants with sufficient notice of the acts of which plaintiff complains to enable them to frame a response, prevent fishing expeditions to uncover imagined wrongs, and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct. *Butler*, 74 F.Supp.2d at 1215. These important policies are furthered regardless of whether the fraud is in statutory or common law form. This Court declines Plaintiff's invitation to hold that Rule 9(b) does not apply to FCA claims.

In the alternative, Plaintiff asserts that a strict adherence to Rule 9(b) is not warranted in this case. Plaintiff is correct that Rule 9(b) must not be read to abrogate Rule 8(a) requiring notice pleading. *Friedlander*, 755 F.2d at 813 n. 3. "[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading." *Durham*, 847 F.2d at 1511; *Friedlander*, 755 F.2d at 813 n. 3. The Plaintiff is also correct that in cases where the "fraud occurred over an extended period of time and consisted of numerous acts, the specificity requirements are applied less stringently." *United States ex rel. Butler v. Magellan Health Services, Inc.*, 74 F.Supp.2d 1201, 1215 (M.D.Fla.1999). The heightened pleading standard may also be relaxed if the factual information that is the basis of the claim is peculiarly within the defendant's knowledge or control. *Stinson*, 755 F.Supp. at 1052. Because a strict pleading requirement could frustrate the purpose of the FCA, courts have allowed an exception whereby a plaintiff in one of these situations can plead information that may be available only through discovery. *Butler*, 74 F.Supp.2d at 1215. This does not relieve such a plaintiff from all particularity in pleading. Plaintiff must still "adduce facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Stinson*, 755 F.Supp. at 1052; *Butler*, 74 F.Supp.2d at 1215. "Bald or conclusory allegations will not suffice." *Stinson*, 755 F.Supp. at 1052; *Cooper*, 19 F.3d at 568.

▮▮▮ At the outset, the Court concludes that it should not apply a relaxed pleading standard in this case. Plaintiff made the

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

decision to allege a nationwide fraud scheme extending back as far as 1990. He should not be allowed to evade the command of Rule 9(b) by relying upon the complexity of the edifice which he created. In addition, the facts of the alleged fraud are not peculiarly within the knowledge of the Defendant. Every alleged false claim is in the possession of others such as the Healthcare Financing Administration. Presumably the government examined those claims during its investigation before it declined intervention in this case. The Court agrees with the Fifth Circuit that "[a] special relaxing of Rule 9(b) is *aqui tam* plaintiff's ticket to the discovery process that the statute itself does not contemplate." *Epic Healthcare*, 193 F.3d at 309. For all of the reasons discussed below, the Amended Complaint fails to comply with the particularity requirement of Rule 9(b).

Although there is no question Plaintiff's complaint is detailed regarding the process allegedly undertaken by LabCorp and its employees, it fails to make adequate factual allegations that LabCorp committed fraud against the government. Most notably, Plaintiff alleges no specific facts in support of his general allegation that LabCorp submitted false claims. Instead, Plaintiff makes relatively detailed statements about the alleged schemes carried out by LabCorp, and then ends the description of each scheme with a general summation that typically states "these practices resulted in the submission of false claims for payment to the United States." (Amended Complaint ¶¶ 33, 34, 38, 41, 42, 43, 44, 54, 64, 66, 75, 76, 77). Plaintiff has failed to identify a single claim that was actually submitted pursuant to the allegedly fraudulent schemes identified in the Amended Complaint. Essentially, Plaintiff has set out the process by which Defendants could have produced false claims, but provides no facts that this process did in fact result in the *submission* of false claims. In *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141 (D.Mass.2000), the court reached a similar conclusion where the Plaintiff described with particularity how defendant vendors had a process that might have produced invoices that falsely inflated the cost of supply items for which hospitals would seek Medicare reimbursement, but

failed to identify a single false claim that was actually submitted. Similarly, the court in *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F.Supp. 292 (D.D.C.1996) dismissed plaintiff's complaint because it failed "to state the date or dates on which the allegedly false invoices were submitted, to give the invoice(s) number, [or] to identify the employees responsible for the submission." *Alexander*, 924 F.Supp. at 303; *see also, United States ex rel. Riley v. Alpha Therapeutic Corp.*, 1997 WL 818593 *3 (N.D.Cal.1997) (holding that plaintiff's amended complaint fails to identify a specific false claim made by any of the defendants named). This information is critical because the FCA only punishes the "knowing" submission of false or fraudulent claims. 31 U.S.C. § 3729(1) and (2); *Alexander*, 924 F.Supp. at 303; *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265–66 (9th Cir.1996) (holding that the "FCA offense is the *knowing* presentation of a claim that is either fraudulent or simply false.") (emphasis added). Innocent mistakes and negligence are not actionable under the FCA. *Hindo v. University of Health Sciences*, 65 F.3d 608, 613 (7th Cir.1995).

Plaintiff claims that his complaint sufficiently sets out the factual basis of the fraud perpetrated by Defendant. Plaintiff argues that the decision in *United States ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204 (S.D.Tex.1998) should be applied in the present case. Of course, another district court decision is not binding on this Court. In *Johnson*, the court held that the plaintiffs had complied with a relaxed Rule 9(b) pleading standard by alleging that defendant oil companies had understated actual gross proceeds on the monthly MMS 2014 form that oil lessees like the defendants were required to submit to the government. *Id.* at 207. Specifically, plaintiffs alleged that the misrepresentations occurred at items 16 and 18 on the monthly form. *Id.* at 207. Plaintiff in the present action urges the Court to adopt a similar holding in this case where allegations of Defendant's fraudulent conduct were allegedly recorded and submitted on the HCFA form 1500 that Defendant must use to submit claims for reimbursement. This case, howev-

er, is distinguishable because the plaintiffs in *Johnson* identified a report that was submitted each and every month from 1988 to the present, and even pointed out the items on the form that contained the alleged misrepresentation. *Id.* at 207. Defendants in *Johnson* knew exactly what reports were the subject of the suit and could subsequently form an adequate response to the plaintiffs' claims. Although Plaintiff in the present case states that the false claims were submitted on a certain form, he can not identify any actual claim, nor item on the claim, that was submitted by Defendant in violation of the FCA.

Plaintiff also fails to specify the time of submission with particularity. Plaintiff claims that the alleged fraud took place over a period from the late 1980s to the late 1990s (Amended Complaint, ¶ 56–60, 72). Although the Plaintiff states specific dates that duplicative or unnecessary tests were administered, he provides no dates that the allegedly false claims were submitted. The court in *Butler* similarly concluded that allegations of fraud that occurred over the better part of a decade, without any references to a specific point in time, were insufficient to withstand a Rule 9(b) challenge. *Butler,* 74 F.Supp.2d at 1216. One purpose behind Rule 9(b) is to allow defendants to frame a response to an allegation of fraud. It is hard to imagine how Defendant can respond to an allegation that fraud was committed over a ten year period. Plaintiff must plead more specifically regarding the time that at least some of the fraudulent claims were submitted so that Defendant may adequately respond to the allegations.

In essence, the Amended Complaint does not identify any specific claims that were submitted to the United States or identify the dates on which those claims were presented to the government. Instead, Plaintiff relies exclusively on conclusory allegations of fraudulent billing. Although Plaintiff's description of the fraudulent schemes in which Defendant allegedly engaged is set out in specific detail, performing these tests is not a violation of the FCA. Defendant could perform as many tests as it pleased as long as it only billed for the ones allowable under the applicable governmental program. Therefore, the fact that Defendant engaged in fraudulent testing, without sufficient allegations regarding the billing for these tests, does not allege a fraud claim with sufficient particularity according to Rule 9(b). *See Hopper,* 91 F.3d at 1266 (holding that "the Act attaches liability, not to the underlying fraudulent activity, but to the 'claim for payment' ") (quoting *U.S. v. Rivera,* 55 F.3d 703, 709 (1st Cir.1995)).

The Plaintiff wants a ticket to the discovery process. If given such a ticket, the next stage of this litigation is clear. The Plaintiff will request production of every lab test claim submitted by the Defendant over the last ten years. At that point, the Defendant may decide to settle the case to avoid the enormous cost of such discovery and the possible disruption of its ongoing business. On the other hand, the Defendant may choose to resist the discovery. In that case, the Court will be presented with the dilemma of allowing an unlimited fishing expedition or no discovery at all because of the difficulty in fashioning logical and principled limits on what has to be produced. The particularity requirement of Rule 9(b), if enforced, will not only protect defendants against strike suits, but will result in claims with discernable boundaries and manageable discovery limits.

The Defendant's Motion to Dismiss should be granted.[2] Nevertheless, the Eleventh Circuit has held that a plaintiff has the right to amend a complaint at least once to eliminate any deficiencies found by the court. *Cooper,* 19 F.3d at 568; *Butler,* 74 F.Supp.2d at 1217. The Federal Rules of Civil Procedure provide that leave to amend the complaint shall be freely given as "justice so requires." Fed.R.Civ.P. 15(a). As such, and even though this is an amended complaint, Plaintiff is granted leave to amend his com-

---

**2.** It is unnecessary to rule on the Defendant's Rule 12(b)(6) Motion to Dismiss Count II for failing to state a claim under the FCA. The issue will be addressed if Plaintiff files an amended complaint that complies with Rule 9(b).

plaint and bring it into compliance with Rule 9(b). *Cooper*, 19 F.3d at 568–69; *Butler*, 74 F.Supp.2d at 1217. An amended complaint must be filed within 30 days of the docketing of this Order. If no amended complaint is filed, the Clerk is directed to enter judgment for the Defendant and close this file.

*IV. CONCLUSION*

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 36] is GRANTED.