# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE, )
DEPARTMENT OF LABOR—DIVISION )
OF UNEMPLOYMENT INSURANCE, )
                                )
                 Plaintiff, )
       v. )
                                )    C.A. No. N15C-04-238 RRC
MICHAEL J. PASQUALE, )
                                )
                 Defendant. )

Submitted: June 22, 2015
Decided: September 17, 2015

On Plaintiff State of Delaware Department of Labor—Division of Unemployment
Insurance's Motion for Judgment on the Pleadings.
**GRANTED.**

# MEMORANDUM OPINION

Oliver J. Cleary, Esquire, Deputy Attorney General, Department of Justice, Wilmington,
Delaware, Attorney for Plaintiff State of Delaware, Department of Labor – Division of
Unemployment Insurance

Michael J. Pasquale, *pro se*, Smyrna, Delaware

COOCH, R. J.

# I.    INTRODUCTION

On April 24, 2015, the State of Delaware, Delaware Department of Labor—Division of Unemployment Insurance ("Plaintiff") filed a Complaint against Michael Pasquale ("Defendant") for fraudulent payments of unemployment benefits.  Defendant has acknowledged all allegations against him.  Pursuant to Superior Court Civil Rule 12(c), Plaintiff moves for judgment on the pleadings against Defendant.  For the foregoing reasons, this Court **GRANTS** Plaintiff's Motion.  Further, pursuant to Superior Court Civil Rule 132, this matter shall be referred to a Commissioner of the Superior Court for a hearing to determine the amount of fees and/or costs that are statutorily required under the Delaware False Claims and Reporting Act.

# II.    FACTUAL AND PROCEDURAL BACKGROUND/PARTIES' CONTENTIONS

Plaintiff filed a Complaint against Defendant alleging unjust enrichment and violations of the Delaware False Claims and Reporting Act.[1]  Specifically, Plaintiff alleges that Defendant knowingly made false claims for unemployment benefits, and as a result, "received $11,715.00 in unemployment benefits . . . to which he was not entitled" over a period of 33 weeks in 2009 and 2010.[2]  The following table illustrates the amounts paid by Plaintiff, the amounts of wages reported, and the actual amounts earned[3]:

| Check Date | Check Number | Amount of Unemployment Insurance Check | Wages Reported | Actual Wages Earned |
|---|---|---|---|---|
| 07/13/09 | 8542529 | $355.00 | $0.00 | $737.07 |
| 07/21/09 | 8574706 | $355.00 | $0.00 | $1571.53 |
| 07/27/09 | 8588410 | $355.00 | $0.00 | $648.65 |
| 08/03/09 | 8611060 | $355.00 | $0.00 | $1107.75 |
| 08/10/09 | 8633902 | $355.00 | $0.00 | $661.50 |

---

[1] Pl.'s Compl. at ¶¶ 12-18, (Apr. 24, 2015).

[2] Pl.'s Compl. at ¶ 12, 15-18.

[3] The Court notes that the State lists 6 dates on which Defendant correctly reported that he did not receive any wages.  That fact, however, does not impact the Court's decision.  Rather, that is for consideration by a Commissioner of the Delaware Superior Court when a determination of the appropriate amount of fees and costs that should be levied against Defendant is made.

| | | | | |
|---|---|---|---|---|
| 08/17/09 | 8657403 | $355.00 | $0.00 | $755.91 |
| 08/24/09 | 8680072 | $355.00 | $0.00 | $503.94 |
| 08/31/09 | 8703056 | $355.00 | $0.00 | $1588.28 |
| 09/08/09 | 8725955 | $355.00 | $0.00 | $42.00 |
| 09/14/09 | 8740414 | $355.00 | $0.00 | $1109.34 |
| 09/23/09 | 8779579 | $355.00 | $0.00 | $1233.75 |
| 09/28/09 | 8784517 | $355.00 | $0.00 | $517.82 |
| 10/05/09 | 8806507 | $355.00 | $0.00 | $777.00 |
| 10/12/09 | 8829013 | $355.00 | $0.00 | $441.78 |
| 10/19/09 | 8851018 | $355.00 | $0.00 | $803.73 |
| 10/26/09 | 8873619 | $355.00 | $0.00 | $625.95 |
| 11/02/09 | 8896139 | $355.00 | $0.00 | $189.00 |
| 10/11/09 | 8934227 | $355.00 | $0.00 | $630.00 |
| 11/16/09 | 8941722 | $355.00 | $0.00 | $630.00 |
| 11/23/09 | 8965627 | $355.00 | $0.00 | $840.00 |
| 12/01/09 | 9003972 | $355.00 | $0.00 | $378.00 |
| 12/07/09 | 9013785 | $355.00 | $0.00 | $796.15 |
| 12/14/09 | 9039133 | $355.00 | $0.00 | $546.00 |
| 12/21/09 | 9064616 | $355.00 | $0.00 | $1218.00 |
| 12/28/09 | 9089658 | $355.00 | $0.00 | $756.00 |
| 01/06/10 | 9137318 | $355.00 | $0.00 | $1674.75 |
| 01/12/10 | 9160784 | $355.00 | $0.00 | $0.00 |
| 01/19/10 | 9171541 | $355.00 | $0.00 | $189.00 |
| 01/25/10 | 9197821 | $355.00 | $0.00 | $0.00 |
| 02/01/10 | 9225606 | $355.00 | $0.00 | $0.00 |
| 02/08/10 | 9253039 | $355.00 | $0.00 | $0.00 |
| 02/15/10 | 9278334 | $355.00 | $0.00 | $0.00 |
| 02/24/10 | 9329732 | $355.00 | $0.00 | $0.00 |
| Totals: | | $11,715.00 | $0.00 | $20,972.90 |

In his Answer to the Complaint, Defendant stated:

> The Defendant does not deny the allegations and recognizes the seriousness of the offenses against him and the risk and damages he created. He apologizes for taking-up [*sic*] valuable time from Your Honor's Court and all agencies involved in this matter for resolution. Moreover, he is remorseful for his decisions and actions that led to his current circumstance, and, [*sic*] has

3

understand [*sic*] that these behaviors are unacceptable and accepts full responsibility.[4]

Defendant does not offer any defense to Plaintiff's allegations. Instead, Defendant only asks the Court for leniency in its imposition of penalties.[5]

Plaintiff filed the instant Motion for Judgment on the Pleadings arguing the "absence of contrary legal rationale and the absence of questions of material fact"[6] entitle it to judgment as a matter of law. Plaintiff points out that Defendant admits the allegations in the Complaint.[7] Defendant again does not deny Plaintiff's contentions in his Response to the Motion.[8] No party asserts that any material issues of fact exist.

Finally, Plaintiff lists 4 claims for relief: (1) that a judgment be entered in favor of the Division of Unemployment Insurance ("DUI") against Defendant in the amount of $11,715.00 as restitution; (2) that a judgment be entered in favor of DUI and against Defendant for an additional amount of $23,430.00 as treble damages pursuant to 6 *Del. C.* § 1201(a); (3) that Defendant pay DUI's costs, including reasonable attorneys' fees pursuant to 6 *Del. C.* § 1201(b); and (4) that a judgment in favor of DUI be entered against Defendant for an amount not less than $5,500.00 and not more than $11,000.00 for each of the claims alleged in the Complaint.[9]

## III.  STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[10] "On such a motion, the Court must accept all well-pled facts in the complaint as true and construe all reasonable inferences in favor of the non-moving party."[11] "The standard for a motion for judgment on the pleadings is 'almost identical' to the standard for a motion to dismiss."[12] The Court will grant a motion for judgment on the pleadings

---

[4] Def.'s Answer to Compl. at 1, 4, 9 (May 21, 2015).

[5] *Id.* at 4, 9.

[6] Pl.'s Mot. for J. on the Pleadings at ¶ 3 (Jun. 8, 2015).

[7] *See id.* at ¶ 5.

[8] *See* Def.'s Resp. to Pl.'s Mot. for J. on the Pleadings at 1-5, D.I. 15 (Jun. 12, 2015).

[9] Compl. at 5-6.

[10] Del. Super. Ct. Civ. R. 12(c).

[11] *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012).

[12] *Id.* (internal citations omitted).

"when no material issues of fact exist, and the moving party is entitled to judgment as a matter of law."[13]

# IV.  <u>DISCUSSION</u>

## I.  Fraud—Unjust Enrichment

Accepting all of the well-pled facts as true and construing all reasonable inferences in favor of Defendant, Plaintiff is entitled to judgment as a matter of law for the claim of unjust enrichment.  "Normally factual statements in the pleadings are considered conclusive unless they are amended or withdrawn."[14]  After a review of the pleadings, it is apparent to the Court, and the parties agree, that there are no material issues of fact in dispute.

Plaintiff asserts that beginning on July 13, 2009, and continuing on a weekly basis until Feb. 24, 2010, Defendant defrauded the DUI.  Defendant represented to DUI that he was not receiving any wages.  However, during that period Defendant was being paid for his work with Daisy Construction Company.[15]  Despite Defendant's attempts to show mitigating factors—such as the fact that he is allegedly currently unable to pay any fines or restitution because he is in prison; the recent death of his father; and his repeated attempts to contact the United States Department of Labor to try to resolve the claim—there are no genuine issues of material fact that would otherwise require the case to move forward to a discovery phase.  Therefore, Plaintiff is entitled to judgment as a matter of law as to this count.

## II. Delaware False Claims and Reporting Act

The Court further finds that Plaintiff is entitled to judgment on the pleadings as to its claims for relief under 6 *Del. C.* § 1201, also known as the Delaware False Claims and Reporting Act ("DFCRA").  The DFCRA provides liability for anyone who "[k]nowingly presents . . . a fraudulent claim for payment" to the State "shall be liable to the [State] for a civil penalty of not less than $5,500.00 and not more than $11,000.00" for each violation.[16]  The statute also requires that 3 times the

---

[13] *Velocity Exp., Inc. v. Office Depot, Inc.*, 2009 WL 406807, at *3 (Del. Super. Feb. 4, 2009).

[14] *Ervin v. Vesnaver*, 2000 WL 1211201 at *2 (Del. Super. June 20, 2000) (citing 29A Am.Jur.2d, *Evidence*, § 775).

[15] Pl.'s Aff. For Answers of Civil Compl. at 1 ("Defendant does not deny the allegations and recognizes the seriousness of the offenses against him.").

[16] 6 *Del. C.* § 1201(a).

amount of damages sustained by the State must be repaid in addition.[17]  The DFCRA is modeled after the federal False Claims Act ("FCA").[18]  Because the DFCRA mirrors the FCA (here the relevant sections mirror the FCA verbatim), this Court will look to authority interpreting and applying the FCA for guidance in addition to Delaware authority.[19]

Notably, to prove fraud under the DFCRA, Plaintiff need not prove reliance or damages, but Plaintiff must prove that a false claim was knowingly presented to the government.[20]  A person acts knowingly when he: "(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard for the truth or falsity of the information, and no specific proof of intent to defraud is needed."[21]

The DFCRA is an anti-fraud statute, and as a result, claims brought under the DFCRA are subject to the heightened pleading requirements of Superior Court Civil Rule 9(b).[22]  Rule 9(b) requires that "the circumstances constituting fraud . . . shall be stated with particularity.  Malice, intent, knowledge and other condition of mind of a person may be averred generally."[23]  Put another way, Plaintiff must allege with sufficient particularity the "'who, what, where, when and how' of the fraud."[24]

---

[17] *Id.*

[18] *Compare* 31 U.S.C. § 3729 *and* 6 *Del. C.* § 1201.

[19] The sections at issue, 31 U.S.C.A. § 3728(a)(1) and 6 *Del. C*. § 1201(a)(1)-(2) are identical, and thus this Court finds it reasonable to rely on authority interpreting the federal statute to the extent it is necessary.  *See also State ex rel. Higgins v. SourceGas, LLC*, 2012 WL 1721783, at *5 (Del. Super. May 15, 2012) (recognizing the lack of Delaware authority interpreting the DFCRA and relying mostly on federal law).

[20] *State ex rel. Higgins v. SourceGas, LLC*, 2012 WL 1721783, at *4, *6 (Del. Super. May 15, 2012). The elements of common law fraud would require a Plaintiff to plead both reliance and damages. *See id*. at *5, n.34. Neither the FCA nor the identical language in 6 Del. C. §1201(1) require proof of reliance and damages. *See id*. at *5.

[21] 31 U.S.C. § 3729(b); *see also Thompson Pacific Const., Inc. v. City of Sunnyvale*, 66 Cal. Rptr. 3d 175, 195 (Cal. Ct. App. 2007) (applying the federal definition of "knowingly" to the California version of the Federal False Claims Act); *State ex rel. Beeler Schad & Diamond, P.C. v. Ritz Camera Ctrs.*, 878 N.E.2d 1152, 1157 (Ill. App. Ct. 2007) (applying a verbatim state-law version of the definition of "knowingly" to the Illinois False Claim Act).

[22] *State ex rel. Higgins v. SourceGas, LLC*, 2012 WL 1721783, at *4 (Del. Super. May 15, 2012) ("The DFCRA, like its federal counterpart, is an anti-fraud statute.  Therefore, all claims brought under the DFCRA are subject to the heightened pleading requirements of Rule 9(b).").

[23] Super. Ct. Civ. R. 9(b).

[24] *U.S. ex rel. Streck v. Allergan, Inc.*, 894 F. Supp. 2d 584, 601 (E.D. Pa. 2012) (quoting Fed.R.Civ. P. 9(b)).

The threshold question is whether the State has pleaded with sufficient particularity the elements necessary to prove fraud. Analogous cases decided in the federal courts are instructive. Applying Rule 9(b), the court in *U.S. ex rel. Johnson v. Shell Oil Co.* found that the plaintiffs' complaint did satisfy the "who, what, where, when, and how" of the fraud.[25] The plaintiffs stated that land containing crude oil was owned by the United States and leased to Shell Oil Co.[26] Shell Oil was required to file a monthly report (Form MMS-2014) detailing the amount of oil sales attributable to the leased land.[27] From those reported sales numbers, Shell Oil was required to pay a royalty fee to the United States.[28] The plaintiffs alleged that the defendant made a false claim each month by misstating the amount of oil sales on items 16 and 18 of the report, causing an underpayment to the government.[29] The court found that the "what, when, and where" were satisfied by plaintiffs' allegation that false statements were entered into items 16 and 18 of the report on a monthly basis.[30] The "who" was satisfied by naming Shell Oil Co. as the defendant.[31] Finally, the court found the "how" was sufficiently alleged, because defendant undervalued oil proceeds to avoid paying a greater amount in royalties to the government.[32] The Court finds the approach of *U.S. ex rel. Johnson v. Shell Oil Co.* persuasive, in part, because it has been relied upon by other federal courts as authority.[33]

---

[25] 183 F.R.D. 204, 207-08 (E.D. Tex. 1998).

[26] *Id.* at 207.

[27] *Id.*

[28] *Id.*

[29] *Johnson*, 183 F.R.D. at 207.

[30] *Id.*

[31] *Id.* (rejecting defendant's argument that plaintiff be required to name the individual employees who caused the false information to be entered, because of the undue burden that would place on plaintiff).

[32] *Id.* At 208.

[33] *See S.E.C. v. Sharp Capital, Inc.*, 1999 WL 242691, at * 1-2 (N.D. Tex. Apr. 16, 1999) (holding the S.E.C.'s complaint pled fraud with sufficient particularity to put the defendant on notice of the claims against it); *U.S. ex rel. Reagan v. Eat Texas Med. Ctr. Reg'l Heathcare Sys.*, 274 F.Supp.2d 824, 857-58 (S.D.Tex. 2003) (granting the defendant's motion to dismiss, because the plaintiff relied entirely on conclusory statements to support her claim under the FCA); *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 333 (D.Conn. 2004) (holding the United States sufficiently met the pleading requirements for fraud under Rule 9(b)); *Boutain v. Radiator Specialty Co.*, 2011 WL 6130754 at *3 (E.D. La. Dec. 8, 2011) (granting defendant's motion to dismiss with leave to amend, because plaintiffs failed to include particularized allegation of fraud in the complaint); Barney J. Finberg, Annotation, *Construction and Application of Rule 9(b), Federal Rules of Civil Procedure, That Circumstances Constituting Fraud or Mistake Be Stated With Particularity*, 27 A.L.R. FED. 407 (1976) (citing *Shell Oil Co.*

Here, the Court finds that Plaintiff has pleaded with sufficient particularity the elements necessary to prove the alleged fraud. Further, Plaintiff has shown that false claims were knowingly presented to the government. Plaintiff alleges in its Complaint that Defendant knowingly made weekly certifications using the Department of Labor's Telebenefits system.[34] He has acknowledged the certifications were false at the he made them. Specifically, Defendant made weekly certifications to the DUI from July 13, 2009, until Feb. 24, 2010, that he was not receiving any wages for employment. In fact, each week that Defendant stated that he was not being paid he in fact earned $42.00 - $1,674.75 as a result of his undisclosed employment at Daisy Construction. This caused an overpayment of $355.00 to be paid to him 33 times. Again, Defendant has admitted to all of the allegations.

# V.   CONCLUSION

The Court finds that Plaintiff is entitled to judgment on the pleadings.[35] There are no issues of material fact, and in fact, several times in his Answer to the Complaint and in his Response to the instant Motion, Defendant admits to the conduct alleged in the Complaint.[36] Accordingly, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED.**

Specifically, judgment is entered against Defendant for $11,715.00 in favor of DUI for Plaintiff's restitution claim. A judgment is entered against Defendant and in favor of DUI for an additional $23,430.00 pursuant to 6 *Del. C.* § 1201(a) for Plaintiff's second claim. Lastly, a judgment against Defendant for DUI's costs in bringing this action, including reasonable attorneys' fees pursuant to 6 *Del. C.* § 1201(b) is entered.

Finally, pursuant to Superior Court Civil Rule 132, the matter shall be referred to a Commissioner of the Superior Court for a hearing to determine the amount of all fees and/or costs owed by Defendant pursuant to 6 *Del. C.* § 1201(a).

---

for the proposition that a "[c]omplaint brought under the False Claims Act must contain the 'who, what, where, when and how' of the false representation.").

[34] Compl. at 3.

[35] The Court makes no ruling on the merits of any possible defense to the "fraud—unjust enrichment" component of the claim, such as any statute of limitations defense. Defendant has not raised any such defense.

[36] *See* Def.'s Answer to Compl. at 1, 4, 9 (May 21, 2015); Def.'s Resp. to Pltf.'s Mot. for J. on the Pleadings at 1-5

As previously mentioned, the DFCRA provides for a range of civil penalties "of not less than $5,500 and not more than $11,000 for each act constituting a violation." The Commissioner will also determine appropriate interest on the balance of unpaid judgments, and determine reasonable attorneys' fees and costs.

_____

Richard R. Cooch, R.J.

oc:    Prothonotary