IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2008

Charles R. Fulbruge III
Clerk

No.  07-31053

UNITED STATES OF AMERICA ex rel. BERNIE A. HEBERT, JR. and
GWENDOLYN M. McINNIS,

Plaintiffs-Appellants

v.

DONALD R. DIZNEY; DAVID A. DIZNEY; JAMES E. ENGLISH; KEVIN
BARKMAN; PATRICK HAMMER; GREGG CUNNIFF; UNITED MEDICAL
CORPORATION; ST. CLAUDE MEDICAL CENTER, LLC; UNITED
MEDICAL CORPORATION OF ORLANDO; TEN BROECK-DUPONT
HOSPITAL; TEN BROECK-KMI HOSPITAL; TEN BROECK
JACKSONVILLE, LLC; TEN BROECK NORTH CAROLINA, LLC; TEN
BROECK HOSPITALS, INC; UNITED MEDICAL CORPORATION OF
TAMPA; UNITED MEDICAL CORPORATION OF PUERTO RICO, INC.;
UNITED MEDICAL CORPORATION TEN BROECK, INC.; UNITED
MEDICAL CORPORATION OF KENTUCKY; UNITED MEDICAL CENTER
OF NEW ORLEANS; HOSPITAL PAVIA-SANTURCE; HOSPITAL PAVIA-
HATO REY; SAN JORGE CHILDREN'S HOSPITAL; HOSPITAL GUBERN;
HOSPITAL PEREA; LAS MARIA REFERENCE AND O/P LABS;
KENTUCKY UNITED MEDICAL CORPORATION; and UNITED MEDICAL
CORPORATION OF LOUISIANA,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-437

Before BARKSDALE, BENAVIDES, and DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:[*]

Bernie A. Hebert, Jr., and Gwendolyn M. McInnis (collectively, "Relators") brought this qui tam action against United Medical Corporation ("UMC"), various affiliated health care companies including St. Claude Medical Center, LLC ('St. Claude"), and certain UMC executives (collectively, "Defendants"), alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. The district court granted the Appellees' motion to dismiss for failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) and denied Relators' motion to amend the complaint. We affirm.

I.

St. Claude operates a hospital, St. Claude Medical Center (the "Hospital"), in New Orleans, Louisiana. While serving as executives of St. Claude, Relators allegedly became aware of a multifaceted scheme by UMC, St. Claude, and the individual defendants to obtain illegal Medicare and Medicaid payments from the Government over a period of more than seven years. On February 12, 2003, Relators filed suit in the United States District Court for the Eastern District of Louisiana. The complaint, and an Amended Complaint alleging an additional cause of action filed almost a year later, remained sealed while the Government considered whether to intervene. After nearly four years it decided not to do so, and on January 10, 2007, the district court ordered the complaints to be served on the Defendants. On March 15, 2007, Relators filed their Second Amended Complaint, adding another claim, striking an original relator, and dismissing claims against some original defendants.[1] On May 21, 2007,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The Second Amended Complaint includes fourteen counts, alleging, in summary, that from January 1, 1995, to February 12, 2003, Defendants violated the FCA in the following ways:

(1) Falsely stating the Hospital had at least 100 available beds in order to qualify for a higher rate of reimbursement for Medicare claims as a hospital serving a disproportionate share of low-income patients.  See 42 C.F.R. § 412.106.

(2) Falsely stating the Hospital had at least 100 available beds in order to receive higher per diem payments under Louisiana's Medicaid program.

(3) Falsely stating the Hospital had at least 100 available beds in order to receive higher reimbursements under the Psychiatric Partial Hospital Program at the Hospital, as well as falsely certifying that this program met Medicare regulations and submitting non-qualified expenses to Medicare.

(4) Submitting claims to Medicare and Medicaid for Psychiatric Inpatient Hospital admissions for patients who did not meet inpatient criteria and were detained against their will.

(5) Providing financial inducements to referring doctors.

(6) Submitting false Medicare claims by including inappropriate or non-existent costs in the Psychiatric Partial Hospital Program and submitting Medicare and Medicaid cost reports that improperly included travel, food, alcohol, and entertainment expenses not related to appropriate business activities.

(7) Routinely failing to attempt to collect co-insurance payments from Medicare payments and billing Medicare for those payments.

(8) Providing financial inducements to referring doctors and threatening to punish doctors who admitted poor patients, resulting in questionable admissions.

(9) Not paying vendors while reporting the vendors' unpaid bills to the Government as operating costs.

(10) Informing Hospital employees that they had medical coverage and deducting money from their salaries without providing medical coverage.

(11) Filing questionable tax returns by declaring losses based on loans to the Hospital that were withdrawn shortly after the end of the tax year.

(12) Engaging in numerous unlawful business practices, including, in addition to some of the practices alleged in other claims, the failure to purchase basic medical equipment and adequately maintain the Hospital.

(13) Falsely certifying that they were meeting all health standards when the Government would not have paid Defendants under Medicare and Medicaid if

3

Defendants moved to dismiss under Rule 12(b)(6) for failure to plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, which the district court granted on August 3, 2007. Relators then timely filed a combined Rule 59(e) motion to alter or amend judgment and a motion seeking leave to amend their complaint under Rule 15(a), accompanied by a proposed amendment. The district court denied this motion on October 18, 2007, and entered final judgment on November 19. Relators timely filed notice of appeal.

II.

While complaints generally need contain only a short and plain statement of the cause of action, "[c]laims brought under the FCA must comply with Federal Rule of Civil Procedure 9(b)." United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir. 2003) (internal citation omitted). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must include the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 308 (5th Cir. 1999) (internal citation omitted) (alteration in original). This is known as the "who, what, when, where, and how of the alleged fraud." United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997) (citation omitted).

A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6) and is

it had known of the violations.

(14) Violating all conditions of participation in Medicare and Medicaid.

reviewed de novo. Id. at 901. A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations and footnote omitted).

We review a district court's denial of leave to amend under Rule 15(a) for an abuse of discretion. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000). However, "rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires,'" Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), and, therefore, leave to amend should not be denied without a substantial reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Foman v. Davis, 371 U.S. 178, 182 (1962); see also Stripling, 234 F.3d at 872.

III.

A. Dismissal of Relators' Claims

Relators first appeal the district court's dismissal of their action for failure to plead with particularity as required by Rule 9(b). "The conduct to which liability attaches in [an FCA] suit consists in part of false statements or claims for payment presented to the government. Because such statements or claims are among the circumstances constituting fraud in [an FCA] suit, these must be pled with particularity under Rule 9(b)." Russell, 193 F.3d at 308 (citation omitted); see also United States ex rel. Bledsoe v. Cmty. Health Sys., 501 F.3d 493, 505 (6th Cir. 2007) ("Particularized allegations of an actual false claim is an indispensable element of a FCA violation[.]"); United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 225 (1st Cir. 2004) ("The [FCA]

5

attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment.") (citation omitted); United States ex rel. Aflatooni v. Kitsap Physicians Serv., 314 F.3d 995, 997 (9th Cir. 2002) ("It seems to be a fairly obvious notion that a False Claims Act suit ought to require a false claim."); United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002) ("The submission of a claim is . . . the sine qua non of a False Claims Act violation."). The district court concluded that Relators have made "broad claims against numerous defendants without identifying specific actions of specific individuals at specific times that would constitute fraud against the government." We agree with this characterization.

On appeal, Relators present arguments with respect to only four of the fourteen counts in their Second Amended Complaint. Relators first argue that their first and second counts, involving allegations that Defendants falsely reported the number of beds at the Hospital in order to qualify for a higher rate of reimbursement under Medicare and Medicaid, see 42 C.F.R. § 412.106, as well as their thirteenth count, involving allegations of a failure to "meet the medical community standards of care" at the Hospital, were pled with sufficient particularity. These counts, Relators maintain, allege that Defendants made false claims in their annual cost reports and provide the "who, what, when, where, and how" of these reports. The words "annual cost report" do not appear in these counts, however, nor do the counts contain allegations of specific false claims having been submitted in these cost reports or otherwise. Rather, these counts contain general statements such as "Defendants made knowingly false representations . . . at least once each year (1995-2001) in connection with the annual licensing application," "[D]efendants routinely submitted bills – on a daily basis – to Medicare for reimbursement and payment," "[D]efendants knowingly made false reports in connection with a claim for payment . . . for the

time period January 1, 1996 to present," "the 'licensed beds' for [1996-2002] . . . should not have been reported at the 136-bed levels and should not have been reported for licensing," and "[D]efendants provided false information . . . regarding the quality of care . . . in the course of negotiating for Medicare and Medicaid contracts and thus all claims submitted by [D]efendants are considered false." These allegations do not point with specificity to the "what, when, or where" of any individual false claim, and therefore do not satisfy Rule 9(b)'s particularity requirements. See Clausen, 290 F.3d at 1312 (holding that the "failure to allege with any specificity if – or when – any actual improper claims were submitted to the Government is indeed fatal").

Further, as the district court noted, Relators fail – in all of the counts in the Second Amended Complaint – to specify "the identity of the person making the misrepresentation" beyond "defendants." Russell, 193 F.3d at 308. While Relators argue that it is the identity of the corporate actor rather than the natural person that is relevant here, see Bledsoe, 501 F.3d at 506, Relators have not pled the identity of the corporate actor with particularity: there are twenty-one corporate and six individual defendants named in the Second Amended Complaint.

Relators also argue that count seven, in which Relators allege that Defendants failed to attempt to collect required co-payments from Medicare and Medicaid patients, meets the requirements of Rule 9(b). Nowhere in this count, though, do Relators allege with specificity that any false claim was submitted. Instead, this count alleges that Defendants "routinely failed to collect . . . co-insurance payments," and that "Medicaid was routinely billed for the portion not paid by other payers" in five different states and Puerto Rico over approximately seven years. These generalized allegations do not come close to satisfying Rule 9(b). Relators, however, suggest that Rule 9(b)'s requirements should be relaxed here because information about individual false claims is "peculiarly within the

perpetrator's knowledge." Willard, 336 F.3d at 385. We have held that under those circumstances the "Rule 9(b) standard is relaxed, and fraud may be pled on information and belief." Russell, 193 F.3d at 308. Even assuming that this relaxed standard should apply here, the allegations in the Second Amended Complaint fail to meet it: Relators do not make, even on information and belief, particularized allegations of any false claim having been submitted. Pleading on information and belief does not otherwise relieve a qui tam plaintiff from the requirements of Rule 9(b). See Karvelas, 360 F.3d at 226 ("'[I]nformation and belief' allegations remain subject to the particularity requirements of Rule 9(b)."); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) ("If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.") (citation omitted).

Relators also assert that we should relax Rule 9(b)'s requirements with respect to their failure-to-collect-co-insurance allegations because this scheme would have affected thousands of claims. See United States ex rel. Johnson v. Shell Oil Co., 183 F.R.D. 204, 206 (E.D. Tex. 1998) ("where the fraud allegedly was complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied"); United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 20 F. Supp. 2d 1017, 1049 (S.D. Tex. 1998) ("Thompson II") (holding that Rule 9(b) is satisfied where "[t]he basic framework, procedures, the nature of the fraudulent scheme, and the financial arrangements and inducements among the parties and physicians that give rise to Relator's belief that fraud has occurred have been alleged with specificity"). While we agree that Rule 9(b) does not require a qui tam plaintiff alleging a long-running scheme involving many false claims "to list every false claim, its dates, [and] the individuals responsible," Thompson II, 20 F. Supp. 2d at 1049, the allegedly

great extent and complexity of a fraudulent scheme does not excuse a failure to plead at least one false claim with the requisite specificity.  As we said in Russell:

> We decline to further relax Rule 9(b) in the context of qui tam suits. The text of the rule provides no justification for doing so.  As we observed in reading Rule 4 of the Federal Rules of Appellate Procedure, we are to be practical and strive for simple, direct and clear meanings.  We have no license to craft judicial exceptions, and we see no reason to do so here.  Furthermore, the False Claims Act grants a right of action to private citizens only if they have independently obtained knowledge of fraud. See 31 U.S.C. § 3730(e)(4).  With this requirement the government seeks to purchase information it might not otherwise acquire.  It must decide on review of the sealed complaint whether to take the case over.  A special relaxing of Rule 9(b) is a qui tam plaintiff's ticket to the discovery process that the statute itself does not contemplate.

193 F.3d at 308–09.  The district court did not err in dismissing the Second Amended Complaint.

B.  Denial of Leave to Amend

Relators also challenge the district court's denial of their combined Rule 59(e) motion to alter or amend judgment and Rule 15 motion for leave to amend. "In this Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court."  Rosenzweig v. Azurix Corp., 332 F.3d 854, 865 (5th Cir. 2003) (citing Whitaker v. City of Houston, 963 F.2d 831, 835 (5th Cir. 1992)).  "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." Rosenzweig, 332 F.3d at 865 (citations omitted).  Here, the district court concluded that it had dismissed the action, and Relators do not challenge this conclusion in their opening brief.  See United States v. Jackson, 426 F.3d 301,

304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief . . . are waived."). Regardless, Relators timely filed a Rule 59(e) motion, and, under these circumstances, the considerations for a motion under Rule 59(e) are the same as those governing a motion under Rule 15(a):

> Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

Rosenzweig, 332 F.3d at 865 (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 n.1 (5th Cir. 1981)). Therefore, "we review the district court's denial of plaintiffs' 59(e) motion for abuse of discretion, in light of the limited discretion of Rule 15(a)."[2] Rosenzweig, 332 F.3d at 865. As noted above, a district court judge's discretion is not wide enough to permit denial of leave to amend under Rule 15(a) without a substantial reason such as undue delay, repeated failures to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility. Foman, 371 U.S. at 183; Stripling, 234 F.3d at 872.

While there is a strong pull to decide cases on the merits rather than on the sufficiency of the pleadings and "our cases support the premise that granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim," Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) (citation omitted),

---

[2] The district court included both the correct, Rule 15(a) standard and an erroneous, post-merits-judgment amendment standard, see Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000) (In cases "where a party seeks to amend her complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.") (citation omitted), in its Order and Reasons denying Relators' motion and supplied reasoning applicable to both. Relators do not argue that the district court's stated reasons were not intended to apply to Rule 15(a).

we have upheld the denial of leave to amend under similar circumstances. Here, the district court noted that the Relators "have previously amended their complaint twice." In Herrmann Holdings Ltd. v. Lucent Techs., Inc., we found no abuse of discretion in the district court's reasoning that "although plaintiffs should ordinarily be offered an opportunity to amend if it appears that a more carefully drafted complaint might state claims upon which relief could be granted, that course need not be followed here since plaintiffs have already twice amended their complaint." 302 F.3d 552, 566 (5th Cir. 2002) (citing Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.")). Because the plaintiffs had "already filed an original complaint and two amended complaints, each alleging [the same types of claims]," they had been "given ample opportunity to plead their statutory claims." Hermann, 302 F.3d at 567. In this case, all of Relators' complaints involved FCA claims, and although Relators argue that their previous amendments, which were not intended to cure deficiencies, should not be grounds for denial of leave to amend, there is no indication that the amendments at issue in Hermann were so intended.

Further, as was the case in Rosenzweig, Relators here failed to seek leave to amend prior to dismissal[3] and do not argue that their proposed amendment

---

[3] Relators briefly argue that they moved for leave to amend in their memorandum and sur-reply memorandum to the district court in opposition to the motion to dismiss. However, the sum total of their request consisted of the following: "If this Court finds these allegations insufficient, relators request leave to amend their complaint" and "Nonetheless, if this Court finds the allegations insufficient, plaintiff requests leave to amend." These bare statements, however, unaccompanied by a proposed amendment, do not constitute a motion. Willard, 336 F.3d at 387 ("[A] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought, cf. Fed. R. Civ. P. 7(b) – does not constitute a motion within the contemplation of Rule 15(a).") (citations and quotations omitted).

"raised any facts which were not available previous to the district court's opinion." 332 F.3d at 865. "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case," Shivangi v. Dean Witter Reynolds, Inc., 825 F.2d 885, 891 (5th Cir. 1987), and "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," Rosenzweig, 332 F.3d at 865 (quoting Freeman v. Cont'l Gin Co., 381 F.2d 459, 469 (5th Cir. 1967)). Under these circumstances, we cannot say that the district court abused its discretion in denying leave to amend.[4]

## IV.

For the reasons above, we AFFIRM.

---

[4] The district court also concluded that allowing the proposed amendment would be futile. Because we affirm the denial of leave to amend on other grounds, we do not reach this issue.